**MACDONALD v STATE ex FULTON**

Ohio Appeals, 3rd Dist, Auglaize Co

No 102,  Decided March 6, 1934

Jacob T. Koenig, Wapakoneta, for plaintiff in error.

John W. Bricker, Columbus, and Timmermeister & Monahan, Wapakoneta, for defendant in error.

RICHARDS, J, (6th Dist) sitting in place of CROW, J.

## OPINION

By KLINGER, J.

Upon a careful examination of the records submitted to this court in both proceedings in error, we find that the evidence and exceptions are substantially the same except that in the bill of exceptions in this proceeding in error there is the testimony of a witness who was not a witness on the first trial, tending to show knowledge on the part of plaintiff in error at the time the transfer of stock was made, of the impending failure of the bank. And but for this difference and variance in the special requests to charge and in the special interrogatories, the same questions of fact and law are presented and the same assignments of error are made in this proceeding in error as were made in the former error proceeding.

While in the mandate of this court in the former error proceeding, is a finding of

error in overruling motion for new trial on the ground that the verdict and judgment are contrary to law in that the verdict is not sustained by any evidence tending to prove knowledge on the part of plaintiff in error, the legal effect of that decision was to hold all assignments of error to be not well taken except the one stated in the mandate as the basis of its judgment of reversal. **Bechtol v Ewing, Admr., 89 Oh, St 53** at page 56. And such holding became "the law of the case" and this court is precluded from again reviewing the questions that were submitted and decided in the first proceeding in error. **107 Oh St 107. 111 Oh St 726.**

However, this court in this proceeding in error is not barred from reviewing the question as to whether the verdict is against the weight of the evidence, as the decision in the former error proceeding being based on a finding that the verdict was not sustained by any evidence on one of the issues, which is independent of and inconsistent with a decision that the verdict was against the weight of the evidence, precludes any presumption that such question was considered and decided adversely to plaintiff in error, in the former proceeding.

Except as to variances that may exist in the requests to charge before argument, and in the requests for submission of special interrogatories in the first and second trials, there is left only one question to be determined by this court in this proceeding in error, and that is whether the verdict, taking into consideration all the evidence including the additional evidence submitted on the second trial on the question of knowledge, is against the weight of the evidence or contrary to law.

As the additional evidence referred to, tends to show knowledge on the part of plaintiff in error which there was no evidence tending to show on the first trial, and which was the only respect in which the verdict in the first trial was contrary to law, it is clear that the verdict in the second trial is not contrary to law, and on examination of the whole record we do not find that the verdict is against the weight of the evidence.

The special requests to charge before argument, were not offered as separate and independent propositions of law, so that in contemplation of law they were offered as a series. A number of these requests, particularly requests numbers one, two, eight, nine and ten, do not state correct propositions of law applicable to the facts of the case, and consequently it was not error for the court to reject all such requests. **2 O. J. pages 1008 and 1009.**

The request for the submission of special interrogatories to the jury were not offered separately and a number of such interrogatories, particularly interrogatories numbers one, two, four, five, six, seven, eight, nine and ten, do not require answers which establish ultimate material and determinative facts or probative facts from which an ultimate material fact may be inferred as a matter of law, and are consequently defective. **2 O. J., pages 1070 to 1074,** inclusive.

As in contemplation of law such special interrogatories constituted a series through failure to request separate submission, all the interrogatories must stand or fall together, and some of the interrogatories being defective, it was not error for the court to refuse all of them. **Klein v Goldstein, 14 O.C.C. (N.S.) 586** at page 590.

Holding these views, the judgment of the lower court is affirmed.

GUERNSEY and RICHARDS, JJ, concur.