# FORD MOTOR CO v DILLON

Ohio Appeals, 1st Dist, Hamilton Co

No 4844.   Decided  July 1,  1935

Joseph I. Williams, Cincinnati, for plaintiff in error.

Ratterman, Cowell & Fletcher, Cincinnati, and M. J. Budnick, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

Nowhere in the petition is it alleged that the injury was received by the plaintiff during and as a result of his employment. The allegations of fact in the petition are sufficiently definite to permit such a conclusion. The evidence indicates that such was the case, and the petition could be amended to conform to the proof.

The record shows that the plaintiff while employed, as alleged, suffered the injuries stated. No immediate disability occurred. About six months later, the plaintiff became paralyzed upon one side. The plaintiff claims that the paralysis was due to his injury; the defendant claims it had no connection therewith. The issue became one based upon medical science. The overwhelming weight of the opinions of the physicians was that the injury naturally produced the disability experienced by the plaintiff.

Several assignments of error are presented.

It is claimed that the court improperly presented the law as found in §1465-78, GC, which is as follows:

"No compensation shall be allowed for the first week after the injury is received, except the disbursement hereinafter authorized for medical, nurse and hospital services and medicines, and for funeral expenses."

No compensation is claimed in the instant case for the first week after the injury. The statute can have no application. Certainly it cannot be successfully contended that because the effects of an injury are not apparent for many months that an injured employee may not receive compensation for disability directly attributable to such injury. The statute does not exclude the first week of disability—it merely excludes any compensation for the first week after the injury.

The sole issue presented to the jury is whether the plaintiff is entitled to compensation under the Workmen's Compensation Act. The term and amount of compensation are matters of law. It is difficult to see how the section noted could have any application except to a case where compensation was sought for the first week after the injury was received. It has no place in the instant case where the disability occurred long after the injury. We find no error, prejudicial to the plaintiff in error in the charge of the court on this point.

The second contention is that the court improperly refused to submit to the jury a list of some seventeen interrogatories—consisting of questions—typewritten upon one sheet of paper, with an ordinary double typewriter space between each question. When so submitted, if any interrogatory is improper, all may be refused. 39 O. Jur., p. 1163, §432. See also MacDonald v State ex Fulton, 47 Oh Ap, 223 (17 Abs 73).

An examination of these interrogatories shows that they are in most cases directed to specific evidentiary facts. Such interrogatories were properly refused. In 39 O. Jur., p. 1158, §427, it is stated:

"The scope of the statute does not require or permit the court, at the request of counsel, to submit to the jury questions which relate to mere evidentiary facts, or facts of an evidentiary nature, from which the ultimate facts are to be found or upon which the ultimate facts rest, but which simply tend to prove them. If, therefore, an answer by the jury to a request for a special finding would fail to test an ultimate and determinative fact raised by the issue in the case but would simply be a finding as to evidentiary facts, the court should refuse to give the request."

A third contention deals with a question propounded to one of the physicians. The record is as follows:

"Q. Now, doctor, assuming that this patient, Philip Dillon, received an injury to his head by a piece of iron about seven to ten feet long weighing about forty to sixty pounds falling on his head a distance of five to eight feet at the time it fell and struck him on the head; it knocked him out or in a semi-conscious condition and cut a gash in his head and immediately after that he felt a roaring in his head, which continued up until the time that you saw him and in addition to that roaring in his head, his eye sight commenced to fail and his hearing got bad and he had pains in his back, which he thought was lumbago, then they went up his back,

spine, to his shoulders and developed into a partial paralysis, what would you say in your opinion was the cause of his physical condition when you saw him, assuming those facts to be true?"

The question objected to merely asks the physician's opinion upon the cause of the physical condition. Obviously a matter of expert opinion, and about which the jury could have no idea unless possessing considerable knowledge of a physiological nature. The questions which follow the one quoted are somewhat unintelligible. They were objectionable. No objection was made to them.

Finding no error in the record, prejudicial to the plaintiff in error, we affirm the judgment of the Court of Common Pleas.

MATTHEWS, J, concurs.