## STATE ex MORRIS v INDUSTRIAL COMM

Ohio Appeals, 2nd Dist, Franklin Co

No 2820.   Decided April 14, 1938

Herbert S. Duffy, Attorney General, Columbus, and Eugene Carlin, Asst. Atty. Gen., Columbus, for respondent.

Cowan, Adams & Adams, Columbus, and Dale D. Rapp, Columbus, for relator.

690

## OPINION

By GEIGER, J.

Relator in his petition states that on June 26, 1934, he received a compensable injury and that application for compensation was made to the respondent; that on June 22, 1937, respondent allowed the claim and found that relator was totally disabled from December 1, 1934 until December 31, 1936, and awarded him compensation over the period from December 8, 1934, to December 31, 1936, but refuses to award him compensation over period from December 1, 1934 to December 8, 1934, the first seven days of disability, although relator was totally disabled over that period; that such refusal is arbitrary, unreasonable and abuse of discretion and that relator is entitled to be awarded compensation over the period from December 1, 1934, to December 8, 1934.

Answer is filed by the respondent admitting the injury of the relator and that it resulted in his being totally disabled from December 1, 1934, to December 31, 1936, and that he has been paid compensation from December 8, 1934, to December 31, 1936. Respondent denies that relator is entitled to further compensation and denies that it has acted arbitrarily or abused its discretion.

To this answer the relator demurs for the reason that it does not state any legal defense.

The question for determination is whether or not the respondent may refuse the relator compensation for the first seven days of a period of total disability which disability began more than seven days after the injury he received.

The relator worked for a few months after his injury on June 26, 1934, and the respondent found that he was totally disabled from December 1, 1934, but withholds the appropriate compensation for the first seven days of such disability.

Respondent claims that it is entitled to do this under the provisions of §1465-78, GC, and the administrative interpretation given to such section and consistently continued by it since the adoption of such interpretation.

It is asserted by respondent that for a long time prior to the filing of relator's claim it has been its practice to deduct the first week of disability from any compensation paid to the employee and it is urged that this court may take judicial cognizance of the fact that respondent had deducted compensation for the first week of disability in all cases under the authority of §1465-78, GC, and that in view of this continued action of the relator the statute should be construed to mean, especially where disability does not immediately follow the injury, that the first week of the disability should be deducted. §1465-78 GC, is as follows:

"No compensation shall be allowed for the first week after the injury is received, except the disbursement hereinafter authorized for medical, nurse and hospital services and medicines, and for funeral expenses."

**Secs 1465-44, and 1465-55, GC,** provide that the board shall adopt reasonable and proper rules to govern its procedure and to establish the right to benefits from the fund.

Counsel for the relator cites certain cases in support of their contention. It is stated in **Industrial Commission v Brown, 92 Oh St 309,** that:

"Administrative interpretation of a given law while not conclusive, is, if long continued, to be reckoned with most seriously and is not to be disregarded and set aside unless judicial construction makes it imperative so to do."

In **State ex v Brown, 121 Oh St 73,** this principle is restated.

The principle is again discussed in **State ex Kildow v Commission, 128 Oh St 573,** where it is held that §1465-55 GC delegates to the commission plenary powers to adopt rules with respect to the collection and disbursement of the fund, which power is given constitutional sanction by **Article 2 of §35.** The court holds:

"The Industrial Commission can not in the exercise of this rule making power enter a field that the General Assembly has preempted by legislative enactment."

It is held that §1465-84 GC renders nugatory the rule adopted and promulgated by the Industrial Commission providing a different basis of compensation from the section and that such secton is mandatory and "it does not invest the commission with a discretion to apply its own rule in determining the average weekly wage of a claimant at the time of injury." It is held that the commission is not estopped to plead

the invalidty of its own rule. We need not quote further from the case.

While counsel for the respondent state that the court may take judicial cognizance of the fact that for a long time the respondent has been accustomed to deduct the compensation for the first week under authority of §1465-78, GC, counsel have failed to cite the rule or to state when it was promulgated. After search the only statement we have been able to find is contained in "The Workmen's Compensation Law of Ohio, §38" captioned "Compensation under the Statute". It is there stated:

"No compensation is allowed for the first week of disability."

For authority for this rule §1465-78, GC, is cited.

In **Industrial Commission of Ohio** v **Boyles, 127 Oh St 20,** the court through Weygandt, C. J., in criticising the charge of the trial court says:

"This clearly overlooks the requirement of the law (§1465-78, GC) that the **disability** must be more than seven days duration."

At first blush it would appear that the Supreme Court has misstated the provisions of the section, but it is not diffcult when considering the statement of the court in connection with the charge under criticism to conclude that the word "disability" there used has reference to a case where there is coincidency between the injury and the disability.

In the case of **Ford Motor Company** v **Dillon, 51 Oh Ap 278, 20 Abs 1,** it is held:

"Sec 1465-78, GC, providing that no compensation shall be allowed for the first week after the injury is received, does not exclude the first week of disability, but merely excludes any compensation for the week after the injury. Such section has no application where no compensation is claimed for the first week after the injury."

The court states on page 280:

"Certainly it can not be successfully contended that because of the effect of an injury, where not apparent for many months an injured employee may not receive compensation for disability directly attributable to such injury. The statute does not exclude the first week of disability—but merely excludes any compensation for the first week **after** the injury."

Counsel for respondent in referring to this case state that the question of construction of the statute was not the issue and did not announce any construction or interpretation of that law to mean that compensation should be paid for the first week of disability. It seems to us quite clear that the matter of withholding compensation for the first week after the njury is received is quite different from holding that such compensation should be withheld for the first week of a disability where such disability is not established until after the lapse of the first week. We can readily conceive that it is a matter of experience that there are many minor injuries incapacitating the workmen for a short period without serious detriment to their earning capacity. The statute seems designed to impose upon the workman the loss he may sustain during the short period of one week during which time many recoveries would be effected If this disability extends beyond one week, then to the extent of the first week after the accident he must bear the burden and the fund compensates nim for his loss thereafter. It is possible that this provision is also designed to discourage workmen from magnifying the result of slight injuries.

However this may be, the case at bar discloses the fact that a considerable period intervened between the injury and the determination by the commission of the date on which total disability began, which presents a different matter than a disability claimed within the first week after the injury.

We have no difficulty in agreeing with the decision of the Court of Appeals in the Dillon case or in holding that if it related to a matter not then before that court as asserted by counsel for respondent that it is still a correct statement of the law. In a number of the sections of the statute (§§1465-61-68-72-80 GC) there are provisions providing for the compensation of the injured workman and in the constitution itself it is provided that laws may be passed for the purpose of providing compensation to workmen for injuries occasioned in the course of employment. No authority is given in any of these provisions to withhold appropriate compensation on account of any provision as to time except §1465-78, GC. In our judgment, this section is clearly determinative of the fact that this withholding is confined to the "first week after the injury is received", and

that this may not be extended by any administrative interpretation such as has been given to this statute by the commission under §38 and that the relator is entitled to receive compensation from the first day of his ascertained disability and that the commission has without authority diminished his compensation by withholding that to which he is entitled during the first week of his total disability, arises more than one week after the injury.

We are conscious of the fact that while this case in itself is of small financial consequence, that our ruling may affect so many other cases of like character as to impose a considerable financial burden upon the fund. However this may be, we feel that the workman should be paid that to which he is justly entitled.

Writ allowed as prayed for.

BARNES, PJ, and HORNBECK, J, concur.