## SIMPSON, et, Appellants, v. SPRINGER, Appellee.

Ohio Appeals, First District, Hamilton County.

No. 6293.   Decided July 6, 1943.

Bert H. Long, Cincinnati, and Milton M. Bloom, Cincinnati, for appellants.

Walter K. Sibbald, Cincinnati, for appellee.

### OPINION

By ROSS, P. J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, in favor of the defendant, rendered upon a verdict of a jury.

Among the assignments of error, the defendant asserts that the answer to a special interrogatory should not be received, in that the same was not signed by the identical jurors who signed the general verdict. One of the nine jurors who signed the general verdict did **not** sign the answer to the special interrogatory and one of the nine jurors who signed the answer to the special interrogatory did **not** sign the general verdict. Eight jurors signed both verdict and answer.

It is asserted by defendant that the same nine jurors

must sign both the verdict and answer, otherwise the verdict may not be tested by such answer, as is provided in §11,420-18 GC, which provides:

"When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly."

Art. I, sec. 5 of the **Ohio Constitution** provides:

"The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

In pursuance of such enabling provision the Ohio legislature enacted §11,420-9 **GC:**

"In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number. The verdict shall be in writing and signed by each of such jurors concurring therein, and they must then be conducted into court, where their names shall be called by the clerk, and the verdict handed to the clerk by the foreman. The clerk must then read the verdict to the jury and make inquiry if it is the verdict of three-fourths or more of their number."

Sec. 11,420-17 GC, provides:

"When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

A jury consists in the Court of Common Pleas of twelve persons, no more and no less. Nine persons do not constitute a jury, although nine jurors may cause a verdict to be the verdict of the jury. The verdict is not the verdict of three-fourths of the jury. It is the verdict of the jury—which, under the constitution and statutes, must comprise twelve persons.

The same applies to the answering of special interrogatories. The answer is not the answer of nine, for nine does not constitute a jury. It is the answer of the jury which consists of twelve persons. 24 O Jur. 160. Rummell v Co-op Cabs, Inc., 30 Abs., 615.

Both the verdict and the answer to the special interrogatory were supported by the required number of signatures of the jury, and, therefore, in each case became the appropriate action of the jury. In each case the appropriate section of the statute met compliance. Nowhere either in the Constitution, the statutes or any Ohio authority does it appear that the same nine names must appear subscribed. If such were the case it would seem conclusive that the action in any particular case would not be the action of the jury, but of only three-fourths of it. In effect the Constitution and statutes provide for a three-fourths controlling vote of the jury—the result being not merely the action of such three-fourths, but of the jury. There is no provision in law for a nine jury in the Court of Common Pleas. The jury is a jury of twelve and the verdict and answer constitute action by the jury. Such is the manifest intent of the Constitution and statutes.

Hobbs v. Nelson, 188 Wis. 108, is cited in support of the contention that the same portion of the jury (in Wisconsin ten) must concur in the verdict and answer. In that case, twelve jurors agreed upon one answer to an interrogatory, which was inconsistent with the answer to another signed by ten of the jury. The Court does, however, make the statement that the same ten must agree upon a verdict and answer. It is interesting to note that the Supreme Court of Wisconsin later withdrew its statement that the same ten must concur in verdict and answer. In Will v. Chicago, Milwaukee & St. Paul Ry. Co., 191 Wis. 247, the syllabus is:

"Where ten jurors were agreed that the defendant railroad company did not have knowledge that there was danger to its employees from a condition existing in its refrigerator cars, and that it ought not, in the exercise of ordinary care, to have known of such danger, and these two answers cover the entire range of possible liability of the defendant, judgment should be entered for the defendant notwithstanding the same ten jurors did not agree upon other questions of the special verdict. (Language in prior cases, particularly Hobbs v. Nelson, 188 Wis., 108, that 'it is necessary for the

same ten jurors to agree upon their answers to each and every question in a special verdict,' withdrawn.)"

Again, in this latter Wisconsin case, answers to more than one interrogatory were considered not a clash between an answer to an interrogatory and a general verdict.

It might very well be that if a given number of jurors agreeing upon an answer to one interrogatory signed an answer to another interrogatory and thereby created an unreconcilable inconsistency in their conclusion, that both answers might be eliminated, or possibly result in a re-trial, it being thus indicated that the minds of the jurors were in such a state of confusion that it was impossible for them to logically reach a justifiable conclusion. Bullock v. Yakima Valley Transportation Co., 108 Wash. 413, 434, is also in accord with the rule that any ten jurors may answer an interrogatory.

In the instant case, the trial court submitted to the jury two interrogatories: "Was the defendant negligent? If so, state what date or dates, where on the property and in what manner Defendant was negligent. Nine jurors answered the first interrogatory in the negative, thus eliminating the necessity for an answer to the second. A juror, Kettler, who did not join in the general verdict did, however, join in the answer that the Defendant was not negligent. Why he re-fused to be consistent and also join in the general verdict does not appear. A juror, Sutter, who joined in the general verdict, did not join in the answer to the interrogatory.

This situation presents no apparent inconsistency which would cause a Court to conclude that the jury as such was so confused as not to be able to render a logical verdict.

The statutes have been complied with, and this Court would not be justified in setting aside the verdict, because of the inexplainable action of these two jurors.

The jury answered the interrogatory and the jury ren-dered a general verdict consistent therewith.

An examination of other assignments of error discloses no error in the record, prejudicial to Defendant, appellant, and the judgment is affirmed.

HILDEBRANT & MATTHEWS, JJ., concur.