OPINION
{¶ 1} This appeal arises out of a negligence complaint based on injuries that Appellant Thomas A. Allision sustained in a motor vehicle collision. The case went to a jury trial and Appellant received a verdict in his favor in the amount of $7,500. Appellant filed a motion for new trial on the issue of damages. The motion was overruled by the trial court, and it is this judgment which Appellant is challenging on appeal.
 {¶ 2} On July 13, 1997, Appellee Bernie Daniels operated a motor vehicle which struck the rear of a vehicle operated by Appellant. Appellant filed a complaint on June 11, 1999, alleging that the accident occurred through Appellee's negligence and that Appellant sustained permanent injuries to his head, neck , shoulder, arm, elbow and back. The case went to a jury trial on March 26, 2001. The only issues in dispute at trial were whether Appellee's actions proximately caused Appellant's injuries, and the amount and extent of any damages. Part of the evidence at trial consisted of the deposition testimony of Dr. J. Murphy Crum, an expert witness utilized by Appellant.
 {¶ 3} The jury returned its verdict on March 29, 2001. It awarded Appellant $7,500 in damages. On April 10, 2001, Appellant filed a motion seeking a new trial on the issue of damages, due to his belief that the award was inadequate. The motion was overruled on April 25, 2001. Appellant filed this timely appeal on May 8, 2001.
 {¶ 4} Initially, we must resolve a question which has arisen as to whether the redacted deposition of Dr. Crum is part of the record on appeal. On May 8, 2001, Appellant ordered a partial transcript to be prepared for this appeal. Appellant also requested the court reporter to make a complete copy of the deposition testimony of Dr. Crum as presented at trial. Appellant did not know if Dr. Crum's deposition testimony was actually recorded by the court reporter at trial, or if a redacted copy of the deposition, as corrected by the court's rulings on the objections made at the deposition, was entered into evidence. Either option was acceptable to Appellant. The clerk's office, though, sent us the full uncorrected deposition as part of the record on appeal. The parties agreed that this contained an incorrect version of the evidence presented to the jury. At oral argument they stipulated that they would submit a redacted copy of the deposition as the true record of the proceedings, which they did.
 {¶ 5} App.R. 9(E) allows parties to correct errors and omissions in the record by stipulating to the correction. App.R. 9(E) states:
 {¶ 6} "(E) Correction or modification of the record
 {¶ 7} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from therecord by error or accident or is misstated therein, the parties bystipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission ormisstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals." (Emphasis added.)
 {¶ 8} If the parties stipulate to corrections made to the record, pursuant to App.R. 9(E), we may accept such stipulation as a correction of the record, and we may consider such evidence when reviewing the issues on appeal. Soteriades v. Wendy's of Ft. Wayne, Inc. (1986),34 Ohio App.3d 222, 223, 517 N.E.2d 1011; Dewine v. Ohio ElectionsCommission (1978), 61 Ohio App.2d 25, 26, 399 N.E.2d 99.
 {¶ 9} The parties in this case stipulated that a redacted version of Dr. Crum's deposition was offered into evidence at trial. Appellee's counsel delivered an uncertified copy of the redacted deposition to us to be included as part of the record on appeal. The redacted deposition indicates how the trial court ruled on the objections raised during the deposition. We indicated at oral argument that we would accept the redacted deposition as part of the evidence as we are permitted to do pursuant to App.R. 9(E).
 {¶ 10} Furthermore, the partial trial transcript filed by Appellant confirms that Dr. Crum's deposition was part of the evidence presented to the trial court for review:
 {¶ 11} "MR. DeFAZIO [attorney for Appellee]: Your Honor, during the course of Dr. Crum's deposition, we went through a number of exhibits with him. * * * And as the Court may recall — I know the Court's read the deposition — the doctor spent considerable time discussing the complaints, findings and so forth." (3/26/01 Tr., 72-73).
 {¶ 12} The partial transcript also indicates that Dr. Crum's deposition was read to the jury:
 {¶ 13} "Q. [by Mr. DeFazio]: We're going to hear from Dr. Crum in a few minutes by way of a deposition that will be read to the jury, and I'm going to preview part of it right now. Dr. Crum was asked by your attorney, Attorney Mikulka, just a few weeks ago — and this is page 9 of the Dr. Crum's deposition — Question: Doctor, can you tell the jury what Mr. Allison's complaints were, * * *." (3/26/01 Tr., p. 67).
 {¶ 14} Although the redacted deposition of Dr. Crum is not certified by a court reporter, that omission, by itself, does not bar us from accepting it as part of the record on appeal. See State v. Schiebel
(1990), 55 Ohio St.3d 71, 82, 564 N.E.2d 54; In re Estate of Reeck
(1986), 21 Ohio St.3d 126, 127, 488 N.E.2d 195; State, ex rel. Ellisonv. Dresbach (1983), 6 Ohio St.3d 19, 19, 450 N.E.2d 1174. App.R. 9(D) and 9(E) provide alternatives to the standard appellate record usually consisting of a transcript prepared and certified by a court reporter. One of those alternatives, provided for in App.R. 9(E), was used in this case.
 {¶ 15} Any questions about our use of the redacted deposition of Dr. Crum were resolved at oral argument. The parties do not appear to be confused or in disagreement about the redacted deposition. The parties stipulated that the redacted deposition was part of the evidence at trial. App.R. 9(E) clearly allows us to accept the document as part of the corrected record. Therefore, we will treat the redacted deposition as part of the record on appeal.
 {¶ 16} As all of Appellant's assignments of error challenge the trial court's ruling on the motion for a new trial, we must set forth our standard of review of the denial of a motion for a new trial. Civ.R. 59(A) provides the following list of reasons for requesting a new trial:
 {¶ 17} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 {¶ 18} "(2) Misconduct of the jury or prevailing party;
 {¶ 19} "(3) Accident or surprise which ordinary prudence could not have guarded against;
 {¶ 20} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 21} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 {¶ 22} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 23} "(7) The judgment is contrary to law;
 {¶ 24} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 {¶ 25} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application;
 {¶ 26} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
 {¶ 27} Generally, the decision to grant or deny a motion for new trial rests in the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312, 649 N.E.2d 1219. An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. Koch v. Rist (2000), 89 Ohio St.3d 250, 252,730 N.E.2d 963.
 {¶ 28} Appellant's first assignment of error asserts:
 {¶ 29} "The Trial Court abused its discretion, to the prejudice of Plaintiff-Appellant, in denying Plaintiff's Motion for New Trial where the Court refused to provide the jury with an itemized interrogatory form on damages, as requested by Plaintiff."
 {¶ 30} Appellant argues that, at the close of the presentation of the evidence, he submitted a proposed jury instruction which included an interrogatory form itemizing the types of damages that were being requested. Appellant argues that the trial court abused its discretion by not submitting the interrogatory to the jury. The interrogatory consisted of the following questions:
 {¶ 31} "What is the amount of damages sustained by Thomas R. Allison, stated as a sum of money, for each of the following:
 {¶ 32} "1. Cervical (neck) injury/aggravation: $ ______
 {¶ 33} "2. Shoulder injuries/aggravation: $ ______
 {¶ 34} "3. Dorsal (mid back) injury/aggravation: $ ______
 {¶ 35} "4. Lumbar (low back) injury/aggravation: $ ______
 {¶ 36} "5. Effect of injuries upon his life work: $ ______
 {¶ 37} "6. Permanency of his injuries/aggravation: $ ______
 {¶ 38} "7. Lost wages: $ ______
 {¶ 39} "8. Medical Expenses: $ ______
 {¶ 40} "Each juror concurring in this Interrogatory Answer signs below this ___ day of ___, 2000."
 {¶ 41} Civ.R. 49(B) states, in part, "[t]he court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument." Despite the directive to the trial judge in Civ.R. 49(B) to submit a party's written interrogatories to the jury, the trial court does retain some authority to withhold interrogatories from the jury. "Although Civ.R. 49(B) mandates the submission of requested interrogatories, the court still has the discretion to reject interrogatories that are ambiguous, confusing, redundant, or otherwise legally objectionable." Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 259, 662 N.E.2d 1.
 {¶ 42} Appellant's proposed interrogatories contain a confusing array of factual issues to be resolved by the jury. Each of the eight items listed in the interrogatory should have included the words "if any" (e.g., "lost wages, if any") to make it clear that the jury was not required to award damages for each and every named injury. The trial court was within its discretion to reject the interrogatory due to the confusing form of the questions presented. See Powers v. Jayne (Mar. 18, 1996), 5th Dist. No. 95-CA-54.
 {¶ 43} It may also have confused the jury that there were eight separate factual decisions presented by the interrogatories, but not eight separate vote forms as would be expected. See, e.g., 1 Ohio Jury Instructions (2002), Section 23.07. As each juror is generally entitled to participate in the decision of every question presented, there should have been separate vote forms for each of the eight factual issues in the interrogatory. See Simpson v. Springer (1943), 74 Ohio App. 142, 143,57 N.E.2d 817.
 {¶ 44} The fifth part of the interrogatory (i.e., "[e]ffect of injuries upon his life work") was very vague and seems to overlap the other interrogatories. Although Appellant may have intended for this question to cover "loss of enjoyment of life" damages, it is not clearly worded.
 {¶ 45} Because the interrogatory as a whole would have been confusing to the jury, the trial court was within its discretion to refuse to present it the jury. See Ford Motor Co. v. Dillon (1935),51 Ohio App. 278, 281, 200 N.E. 525. Appellant's first assignment of error is therefore overruled.
 {¶ 46} Appellant's second assignment of error asserts:
 {¶ 47} "The Trial Court abused its discretion, to the prejudice of Plaintiff-Appellant, in refusing to grant a new trial after allowing Defendant to introduce evidence of medical guidelines to impeach the credibility of an expert witness, without proper foundation and without proper confrontation of the witness."
 {¶ 48} Appellant argues that a document known as the "Mercy report" was impermissibly used to impeach Dr. Crum. (Dr. Crum Deposition, pp. 90-92). Appellant argues that he objected to the use of this report and that his objection was erroneously overruled. The redacted deposition reveals that Appellant did properly object to the use of this report.
 {¶ 49} Appellant argues that Evid.R. 706 requires a party to lay a foundation for the use of scholarly treatises and research, including pamphlets, which are intended to be used to impeach a witness. Evid.R. 706 states:
 {¶ 50} "Statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art are admissible for impeachment if the publication is either of the following:
 {¶ 51} "(A) Relied upon by an expert witness in reaching an opinion;
 {¶ 52} "(B) Established as reliable authority (1) by the testimony or admission of the witness, (2) by other expert testimony, or (3) by judicial notice.
 {¶ 53} "If admitted for impeachment, the statements may be read into evidence but shall not be received as exhibits."
 {¶ 54} Appellant is correct that a foundation must be laid when scholarly statements or treatises are used to impeach a witness. Nonetheless, it appears that the questions and answers relating to the Mercy report were all directed to counsel's attempt to establish a foundation for the use of the report, rather than at impeaching Dr. Crum.
 {¶ 55} Appellant's attorney asked Dr. Crum three times if he agreed with specific aspects of the Mercy report. Dr. Crum would not give a clear affirmative response. (Dr. Crum Deposition, pp. 90-92). After counsel's third unsuccessful attempt to get an affirmative answer from Dr. Crum, counsel abandoned any further discussion of the Mercy report. (Dr. Crum Deposition, p. 92). Although Appellee's counsel did not elicit any statements from Dr. Crum which could provide a foundation for the Mercy report, neither did counsel ask any impeaching questions based on the report. If Dr. Crum was not impeached by counsel's preliminary questions about the Mercy report, it follows that Evid.R. 706 has not been violated. Appellant's second assignment of error is overruled.
 {¶ 56} Appellant's third assignment of error asserts:
 {¶ 57} "The Trial Court abused its discretion in refusing to grant a new trial, to the prejudice of Plaintiff-Appellant, after allowing Defendant to introduce evidence of the payments made by collateral sources, including Plaintiff's major medical carrier and the Bureau of Workers Compensation."
 {¶ 58} Appellant argues that a trial court is not permitted to introduce evidence that an injured party has received compensation for his injuries from collateral sources, that is, from sources separate and distinct from the defendant. This is known as the "collateral source rule," (i.e., "collateral" meaning collateral to the defendant):
 {¶ 59} "The collateral source rule is an exception to the general rule of compensatory damages in a tort action, and evidence of compensation from collateral sources is not admissible to diminish the damages for which a tort-feasor must pay for his negligent act." Pryorv. Webber (1970), 23 Ohio St.2d 104, 263 N.E.2d 235, paragraph two of the syllabus.
 {¶ 60} Evidence of collateral payments is excluded from trial because it is irrelevant to the issue of damages, may prejudice the jury and may induce the jury to provide a mere windfall to the defendant. Id. at 109. The collateral source rule encompasses many types of collateral benefits, including workers' compensation, gratuitous or contractual payment of back wages, employer disability programs, insurance proceeds, Social Security, Medicare payments, other reimbursed medical expenses, and gratuitous physician's fees. Id. at 108-109; Sorrell v. Thevenir
(1994), 69 Ohio St.3d 415, 633 N.E.2d 504.
 {¶ 61} Appellant argues that Appellee's attorney asked Dr. Crum a number of questions about payments for Appellant's injuries. Appellant refers us to page 95 of Dr. Crum's deposition. In reviewing the redacted deposition, it appears that Appellant's objections were sustained with reference to testimony about payments from the Bureau of Worker's Compensation and about Appellant's major medical insurance carrier. The offending testimony is marked off in the redacted deposition, and the word "sustained" is written next to both lines in which Appellant's attorney raised objections to the testimony. Therefore, the error that Appellant alleges does not appear to have occurred based on the record as submitted by the parties. Appellant's third assignment of error is also overruled.
 {¶ 62} For the foregoing reasons, all three of Appellant's assignments of error are hereby overruled, and the judgment of the trial court overruling Appellant's motion for a new trial is affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only; see concurring in judgment only opinion.