SOTERIADES, APPELLANT, *v.* WENDY'S
OF FT. WAYNE, INC., ET AL.,
APPELLEES.

(No. 86AP-541—Decided
December 2, 1986.)

*Lucas, Prendergast, Albright, Gibson & Newman* and *Rankin M. Gibson,* for appellant.

*Crabbe, Brown, Jones, Potts &* *Schmidt* and *Kenneth E. Harris,* for appellees.

WHITESIDE, J. Plaintiff, Christopher P. Soteriades, appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error contending that: "The trial court erred in directing a verdict for the defendants."

By his original complaint herein, plaintiff alleged that he was hired by defendant, Wendy's of Ft. Wayne, Inc., on or about June 15, 1980, at a salary of $40,000 per year, with $10,000 thereof to be set aside to purchase stock in the corporation, with a proviso that, if the business were sold in less than one year, plaintiff would receive an additional year of salary and an option to purchase stock. The complaint alleges that, on January 8, 1982, defendants Clarence E. and Richard C. Fox took over management of defendant Wendy's of Ft. Wayne, Inc. and "agreed to honor the balance of plaintiff's employment contract with the corporate defendant." It is further alleged that plaintiff's employment was terminated by defendants effective March 1, 1982, even though the term of employment under the employment agreement continued through June 15, 1982.

Defendants filed an answer specifically admitting the allegations of paragraphs four and five of the complaint, including the allegation that defendants agreed to honor the balance of plaintiff's employment contract, and denying every other allegation of the complaint. As a second defense, defendants raise the issue that plaintiff's claim is barred by the Statute of Frauds requiring certain agreements to be in writing. Defendants also allege as a third defense

that the employment was one for employment at will.

With leave of court, plaintiff filed an amended complaint, including a new allegation in paragraph three of the complaint that: "The corporate Defendant agreed to retain Plaintiff for two year." (Sic.) There were also other additional allegations, including an allegation that the individual defendants purchased the issued and outstanding stock of defendant corporation at a price of $2,000 per share and that the corporate defendant "had withheld $14,872.00 from Plaintiff's compensation to pay for 15 shares in the corporate Defendant." While in the original complaint plaintiff alleged that he had lost $5,000 profit on the stock of the corporation, which defendants should pay him, in the amended complaint, he alleged that defendants should pay plaintiff $30,000 for the fifteen shares mentioned above. For whatever reason, the record does not reveal that defendants filed an answer to the amended complaint. Nevertheless, the case proceeded to a jury trial resulting in the following judgment entry being entered by the trial court:

"This matter came on for trial on May 5, 1986, and upon the close of the Plaintiff's case, Defendants moved for a directed verdict on the ground that Plaintiff's claim is barred by reason of the Statute of Frauds.

"Upon consideration of the evidence and arguments of counsel, the Court finds that reasonable minds could come to only one conclusion, to-wit, that the oral employment agreement being for two years cannot be enforced by reason of the Statute of Frauds.

"It is therefore ORDERED, ADJUDGED and DECREED that judgment be and hereby is rendered in favor of the Defendants at Plaintiff's costs."

For whatever reason, plaintiff did not include a transcript of proceedings in the record of appeal. Defendants filed a motion in this court to dismiss the appeal or in the alternative to order plaintiff to file a transcript of proceedings. This court overruled the motion to require plaintiff to file a transcript of proceedings, noting that plaintiff "may be required to affirmatively demonstrate that the record includes all the evidence relative to the issues raised on appeal," and afforded defendants, if they wished to do so, leave to supplement the record with a transcript of proceedings. Defendants' motion to dismiss was reserved for determination with the merits. Again, for whatever reason, defendants chose not to supplement the record with a transcript of proceedings. However, between the time of the filing of defendants' motion to dismiss and this court's ruling thereon, the parties filed a stipulation stating in pertinent part:

"The Plaintiff-Appellant and the Defendants-Appellees hereby stipulate that the record in the above-captioned case may be supplemented by the exhibits admitted in the Court of Common Pleas during the trial of the cause * * *. Accordingly, the parties attach hereto a true copy of the sixteen exhibits offered and admitted in the Court of Common Pleas during the trial of the cause."

Accordingly, pursuant to App. R. 9(E), such stipulated exhibits constitute a part of the record on appeal and may be considered by this court in determining the issues raised.

The only issue determined by the trial court, and the only issue before this court upon appeal, is whether plaintiff's claim is barred by the Statute of Frauds as a matter of law. Accordingly, the issue before this court is whether the writings contained in the exhibits stipulated as part of the record on appeal are sufficient to constitute a memorandum in writing

signed by defendant, Wendy's of Ft. Wayne, Inc., satisfying the requirements of the Statute of Frauds, R.C. 1335.05, which provides in pertinent part:

"No action shall be brought whereby * * * to charge a person * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

Defendants do not contest the authenticity of the exhibits nor their inclusion as part of the record on appeal since they expressly stipulated that the record should be supplemented by addition of the exhibits, which they also stipulated were admitted into .evidence during the trial. Since we are concerned with an issue of whether there be a writing satisfying the requirement of the Statute of Frauds, necessarily, the pertinent evidence consists of the writings contended to satisfy the Statute of Frauds. The issue before us, therefore, is whether these exhibits satisfy the statute. Since they are included in the record on appeal, there is sufficient evidence before this court to determine the only issue presented by the appeal. Accordingly, defendants' motion to dismiss is overruled.

Implicit in the trial court's determination is that there was an oral contract of employment for two years, or at least for more than one year, since otherwise there would be no occasion to apply the Statute of Frauds. Unfortunately, the Supreme Court in *Hodges* v. *Ettinger* (1934), 127 Ohio St. 460, 189 N.E. 113, expressly held in its syllabus that the "* * * doctrine of part performance has no place in the law governing contracts for personal services." In doing so, the Supreme Court limited the second paragraph of the syllabus of *La Bounty* v. *Brumback* (1933), 126 Ohio St. 96, 184 N.E. 5, which had held to the effect that partial performance of any contract is effective to take the contract out of the Statute of Frauds. Nevertheless, we are bound by the syllabus of *Hodges.*

The memoranda relied upon by plaintiff consist of corporate minutes and a signed agreement, all of which had been stipulated as part of the record on appeal as being exhibits admitted into evidence at trial. First are the minutes of a board of directors' meeting on May 27, 1980, in which it is stated in part:

"* * * Mr. Young suggested we bring in Chris Soteriades to take over our operations for 2 years. Chris would also like to buy into our business, and if necessary, take part of his salary in stock. It was stated by Mr. Young that Chris would go through the company stores for 2 weeks, starting on June 16th, and work through a 2-year commitment. * * *"

Next are the minutes of a board of directors' meeting on July 14, 1980, at which plaintiff was present. In these minutes, it is stated in pertinent part:

"Chris Soteriades' salary is $40,000. annually, of that $10,000. is being set aside to purchase stock. * * *

"Soteriades was hired on the basis that if we sold the business in less than a year, he would be compensated for an additional one year's salary."

Next, the minutes of the board of directors' meeting held March 31, 1981, at which plaintiff was not present, stated in part:

"It was noted that the Board had discussed sale of stock to Chris Soteriades, however, a cost per share had never been officially established. Following discussion, Mr. Abraham moved, seconded by Mr. Foster, to sell Mr. Soteriades twenty (20) shares of

stock at a price of One Thousand ($1,000.00) per share. Motion carried.

"It was further explained that, although Chris did not have an employment contract, he had agreed to stay with the company for two years, however, if at anytime during the first year the company was sold, Chris would be paid the balance of the salary for the first year of employment."

Unfortunately, none of these corporate minutes is signed by the secretary, although the secretary's name is typed on the minutes and it is undisputed that these are the official minutes of the corporation.

Necessarily, the first issue before us is whether corporate minutes can constitute a memorandum satisfying the writing requirement of the Statute of Frauds. In *Himrod Furnace Co.* v. *Cleveland & Mahoning RR. Co.* (1872), 22 Ohio St. 451, the Ohio Supreme Court recognized the minutes and resolution adopted by a board of directors of a corporation as constituting a sufficient memorandum to meet the writing requirement of the Statute of Frauds. Similar, but more specific, conclusions have been reached by courts of other states. See *Western Timber Co.* v. *Kalama River Lumber Co.* (1906), 42 Wash. 620, 85 P. 338; *Whitlow* v. *Bd. of Edn.* (1921), 108 Kan. 604, 196 P. 772; *People's Trust Co.* v. *Consumers' Ice & Coal Co.* (1925), 283 Pa. 76, 128 A. 723; and *DFI Communications, Inc.* v. *Greenberg* (1977), 41 N.Y. 2d 602, 363 N.E. 2d 312.

Accordingly, the minutes of the board of directors' meetings of defendant corporation can constitute a sufficient memorandum in writing to meet the requirement of the Statute of Frauds. Here, however, there is an unexplained deficiency in the minutes in that they were not signed by the secretary, even though it is apparently undisputed that they are the official corporate minutes of the corporation. Nevertheless, it is unnecessary for us to determine whether the unsigned minutes, otherwise admitted to be authentic, are sufficient to meet the requirement of the Statute of Frauds since there is a signed writing pertaining to the issues before us. The signed writing is the stock purchase agreement, which is signed by the then president of defendant corporation as well as by plaintiff and reads as follows:

"By authority of the Wendy's of Ft. Wayne, Inc. Board of Directors March 31, 1981, approving to sell to Christopher Soteriades twenty (20) shares of Wendy's of Ft. Wayne, Inc. stock at a price of One Thousand Dollars ($1,000.00) per share; I, Christopher Soteriades, agree to purchase the twenty (20) shares of stock, as authorized, paying for said stock at the rate of Three Hundred and Thirty Eight Dollars ($338.00) per bi-weekly pay period. Payment of stock began period ending July 5, 1980."

Although there is no direct reference to the terms of the employment contract in that writing, it does refer to the corporate minutes. The memorandum in writing satisfying the requirement of the Statute of Frauds may consist of several related writings, even though only one such writing is signed, if the signed writing refers to the unsigned writing or if it appears by inspection and comparison of the writings that they logically relate to or form part of the same transaction. See *Thayer* v. *Luce* (1871), 22 Ohio St. 62, and *McGilvery* v. *Shadel* (1949), 87 Ohio App. 345, 43 O.O. 74, 95 N.E. 2d 1. See, also, Restatement of the Law 2d, Contracts (1979) 543, Section 208.

As noted, the signed writing is the stock purchase agreement which expressly refers to the board of directors' March 31, 1980 meeting and under

which plaintiff agreed to purchase twenty shares of stock, paying for same "at the rate of Three Hundred and Thirty-Eight Dollars ($338.00) per bi-weekly pay period." There is an express reference in this agreement to defendants' employment of plaintiff by the reference to the bi-weekly pay periods. The agreement further relates back to the pay period ending July 5, 1980, indicating that the bi-weekly payment for stock began on that date. Also attached to plaintiff's exhibit 3 (the written stock purchase agreement) is a schedule of bi-weekly pay period payments commencing July 5, 1980, and ending June 19, 1982. Although the total amount of payments indicated during that period of time is only $17,576, rather than the $20,000 amount agreed to be paid, nevertheless, it is further indication of the employment agreement between the parties. Accordingly, we conclude that the corporate minutes, together with the signed agreement, constitute a sufficient memorandum in writing to meet the requirement of the Statute of Frauds (that a contract which cannot be performed within one year must be in writing or evidenced by a memorandum signed by the parties sought to be charged).

The issues of the terms of the employment contract between the parties is not before us at this time. As indicated, the trial court impliedly found that reasonable minds could only conclude that the contract of employment was for more than one year since otherwise the Statute of Frauds issue would not arise. Nor is any issue before us with respect to the effect of plaintiff's continuous employment by defendants, assuming the contract was for one year's employment rather than two years. In short, no issue is determined hereby other than that of whether the writings consisting of the corporate minutes, the signed stock purchase agreement and the attachment thereto constitute a sufficient writing to meet the memorandum-in-writing requirements of the Statute of Frauds, assuming that the contract of employment was for a term of more than one year.

Plaintiff contends that the Statute of Frauds does not apply: the contract could be performed in one year because of the provisions for termination in the event of the sale of the business. The references to sale of the business pertained to the sale of the business within plaintiff's first year of employment, which contingency did not occur. While it was possible that the contract could have been terminated by such an event, calling for additional payments to be made to plaintiff by defendants, we do not find that such provision is sufficient to render the agreement one not to be performed within one year within the meaning of R.C. 1335.05, the Statute of Frauds. However, since we conclude that the exhibits admitted into evidence in the trial court, stipulated as part of the record on appeal, are sufficient to meet the memorandum-in-writing requirement of the Statute of Frauds with respect to the employment contract, the assignment of error is well-taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, P.J., and TYACK, J., concur.