Joanne Moody appeals the Athens County Municipal Court judgment in favor of Thomas Blower. Moody sued Blower to recover the cost of waterproofing the basement of a house she purchased from him. The trial court held that Moody failed to prove, by a preponderance of the evidence, that Blower fraudulently misrepresented the condition of the basement, and that the doctrine of caveat emptor barred her claim. Moody appeals, asserting that the trial court's judgment is against the weight of the evidence. We disagree, because the record contains competent, credible evidence supporting the trial court's judgment. Accordingly, we affirm the judgment of the trial court.
 I.
Blower and his three sisters inherited a home from their mother upon her death in February 1997. Blower never lived in the house. He and his sisters rarely visited their mother at her house, because they did not have a good relationship with their step-father. After their step-father died in August 1995, Blower frequently visited his mother. Blower entered the basement occasionally to add salt to the water softener.
In April 1997, Blower sold the house to Moody. As part of the negotiations, Blower signed a residential property disclosure form which indicated that he had no knowledge of water leaking into the basement. The disclosure form also reflected that Blower did not live in the house, and that the disclosure form was not intended as a substitute for a house inspection. Before Moody purchased the house, she toured it twice. On the first occasion, Moody's realtor accompanied her. They entered the basement, whereupon Moody noticed a line across the wall. She inquired about whether the basement had a leakage problem, and her realtor replied that it did not. She made an offer on the house, which Blower rejected.
On the second occasion, Moody and her friend, Frank Shumway, were driving by the house when they saw Blower working in the yard. Shumway recognized Blower as a former co-worker, and offered to introduce Moody to him. At trial, Moody testified that she asked Blower about whether the basement had water problems, and Blower responded that the house "had a nice, dry basement." Blower testified that he told Moody that there were "no problems" with the house, but denied stating anything specifically about the basement.
Shortly after Moody took occupancy of the house, the basement flooded. Moody hired John Rogers, who waterproofed the basement by repairing a structural defect which allowed water to enter the basement. Moody sued Blower for the amount Rogers charged her, $6,200. At trial, Rogers offered his expert opinion that water collected in the walls of the basement and seeped through the walls due to a structural defect in the construction of the house and its foundation. Rogers pointed out that, within the past three years or so, someone attempted to remedy the problem by applying a sealant to the wall. Additionally, Rogers testified that the mildew in the basement could not have formed quickly. Therefore, Rogers opined that water had been leaking into the basement for a lengthy period of time. Finally, Rogers testified that the appearance of the basement would alert a reasonable lay person to the possibility that the basement had a water problem. Rogers qualified his opinion by adding that, while he did not wish to sound sexist, he might not expect a woman to recognize the warning signs.
At trial, Blower asserted the defense of caveat emptor.
Blower also testified that he never saw any water in the basement during the time his mother owned the house. Blower's sister, Donna Powell, also testified that she occasionally entered the basement and never saw any water in it. Another one of Blower's sisters, Mary Lee Dunkle, testified that she was at the house when sewage backed up into the basement on one occasion. Dunkle stated that Blower was vacationing in Florida at the time of the sewage back up, and that she did not recall telling him about the incident until after Moody filed suit. Finally, Dunkle testified that she never saw the basement flood via water seeping through the walls.
At the close of evidence, the trial court ordered both parties to submit post-trial briefs. After considering the parties briefs, the trial court entered judgment in favor of Blower. In its opinion, the trial court found that Moody failed to prove, by a preponderance of the evidence, that she was entitled to relief. Moody appeals, asserting the following single assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT HAD NOT MET HER BURDEN IN ESTABLISHING THAT THE APPELLEE HAD FRAUDULENTLY MISREPRESENTED THE CONDITION OF THE PROPERTY.
 II.
Blower asserts that Moody sued for negligent misrepresentation, that she never raised a fraud claim, and that the trial court properly dismissed Moody's claim upon finding that the doctrine of caveat emptor precluded her recovery for negligent misrepresentation. Blower contends we should not even consider Moody's assignment of error, as it alleges that she proved fraudulent misrepresentation, an issue that was not even before the trial court.
Civil Rule 15(B) provides that issues not raised by the pleadings may be tried by express or implied consent of the parties. The pleadings should be amended to reflect such issues, but a party's failure to amend the pleadings will not affect the result of the trial of those issues. Civ.R. 15(B). In determining whether to allow a party to amend the pleadings, the trial court's primary consideration must be whether the amendment "will put [the opposing party] to serious disadvantage in presenting his case." Hall v. Bunn (1984),11 Ohio St.3d 118, paragraph one of the syllabus. The decision is a matter within the sound discretion of the trial court, which we will not reverse unless we find that the court's ruling was unreasonable, arbitrary, or unconscionable. Mossa v. W. CreditUnion, Inc. (1992), 84 Ohio App.3d 177, 181; State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Moody did not allege fraud in her complaint. However, Moody did allege that Blower stated the basement had no water problems, though he knew the basement flooded frequently. In her summation and post-trial brief, Moody asserted that Blower fraudulently misrepresented the condition of the basement. In his summation and post-trial brief, Blower argued that Moody failed to prove fraudulent misrepresentation, and therefore that Moody could not overcome caveat emptor and recover. In its judgment entry, the trial court found that Moody failed to prove, by a preponderance of the evidence, that she was entitled to recover "on any of various potential causes of action." The court then cited Cardi v. Gump (May 22, 1997), Cuyahoga App. No. 71278, unreported, a case examining the applicability of caveat emptor when the seller committed fraudulent misrepresentation with respect to a wet basement.
Though Moody did not amend her complaint to include an allegation of fraud, we find that Blower impliedly consented to trial on the issue. Moody and Blower each presented evidence regarding whether Blower actually knew about the leaks in the basement. Actual knowledge is a component of fraudulent misrepresentation. Moreover, while we recognize that fraud must be pled with particularity, Moody did so by alleging actual knowledge in her complaint. Finally, the trial court actually resolved the fraud issue. Moody's failure to amend her complaint to include a fraud allegation does not affect the validity of the trial court's determination that Blower did not commit fraud. Therefore, we find that Moody is entitled to appeal the trial court's determination that Blower did not commit fraud.
 III.
Moody asserts that the trial court erred by concluding that she did not prove, by a preponderance of the evidence, that she is entitled to recovery. Thus, Moody asserts that the trial court's judgment is against the manifest weight of the evidence. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. MorrisCo. v. Foley Construction Co. (1978), 54 Chio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact. Myers v. Garson (1993), 66 Ohio St.3d 610,614; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
Moody contends that she is entitled to recover the cost of waterproofing her basement because the house had a structural defect when she purchased it and because the doctrine ofcaveat emptor does not apply. The doctrine of caveat emptor
precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus; Czarnecki v. Basta (1996), 112 Ohio App.3d 418,422-23. Under caveat emptor, buyers are responsible for discerning patent defects in the real estate. Layman at 177. Without the doctrine of caveat emptor, "nearly every sale would invite litigation instituted by a disappointed buyer." Id.
 A.
In order to avoid operation of caveat emptor, the buyer must first show that the condition of which he complains was not openly observable at the time of purchase. The condition Moody complains of is the wet basement. At trial, Moody testified that, prior to purchasing the house, she observed marks on the wall which she suspected came from water. Moody also introduced photographs which she took shortly after she moved in the house that depicted mildew on the wall and rust on the furnace. Moody's expert, Rogers, testified that mildew like that shown in the photographs takes a long time to form. Rogers further testified that the appearance of the basement would alert a reasonable lay person to the possibility that the basement had a water problem. As Moody notes, Rogers qualified his opinion by adding that he might not expect a reasonable woman to notice the water problem.
Considering Moody's own testimony that she noticed the lines on the wall and associated those marks with a possible water problem, we find that some competent, credible evidence supports the trial court's conclusion that the defect was open to observation by a reasonable person.
 B.
The second factor in a caveat emptor analysis examines whether the buyer had an unhindered opportunity to inspect the premises he purchased. Moody testified that she was inside the house twice before she purchased it. Though the stairs to the basement were steep, she went into the basement on both occasions. Moody's realtor expressed concern for her safety in descending the stairs, but did not impede her inspection of the basement in any way. The basement was lighted. Additionally, the property disclosure form, signed by both Blower and Moody, specifically encouraged Moody to obtain an inspection of the property. Accordingly, we find that Moody had an unhindered opportunity to inspect the basement.
 C.
Finally, where a defect is observable and the buyer has the opportunity to discover it without concealment or hindrance by the seller, the buyer may nonetheless recover if she can prove that the seller committed fraud. Layman at syllabus; Traversev. Long (1956), 165 Ohio St. 249, 252. Fraud is defined as (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.Gaines v. Preterm-Cleveland Inc. (1987), 33 Ohio St.3d 54, 55. If the buyer merely proves that she relied on "misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud," the doctrine of caveat emptor will preclude her claim. Layman, supra, at 177.
Because the defect in this case was open to observation and Moody had an opportunity to discover the defect, Moody can only recover if she produced evidence that Blower committed fraud in describing the condition of the basement. See Layman at 177. Blower testified that he never lived in the house. Blower rarely visited his mother at her house and never entered her basement until after his step-father died in August 1995. From August 1995 until February 1997, Blower frequently visited his mother, and occasionally entered the basement to add salt to the water softener. Blower testified that he never saw any water in the basement. Blower's sister, Donna Powell, also testified that she occasionally entered the basement and never saw any water in it. Another one of Blower's sisters, Mary Lee Dunkle, testified that she was at the house when sewage backed up into the basement on one occasion, but that Blower was vacationing in Florida at the time and she did not recall telling him about the incident until after Moody filed suit. Finally, Dunkle testified that she never saw the basement flood via water seeping through the walls, as Moody alleges.
Moody asserts that Blower committed fraud when he affirmatively stated on the residential property disclosure form and to her in person that the basement did not leak. However, the residential property disclosure form merely states that Blower had no knowledge of a Leak. Moreover, the form expressly warned against relying on it as a guarantee, and recommended that the potential buyer obtain an inspection. Additionally, the form indicated that Blower did not live in the house, implicitly warning Moody that Blower may not be entirely aware of the condition of the house. As a devisee who had not occupied the property, Blower had no duty to inspect the house in order to complete a residential property disclosure form. See R.C. 5302.30(B)(2)(n). With regard to Blower's oral statement, the trial court was free to believe Blower's testimony that he merely told Moody he had no problems the house, and that he did not, in fact, know of any problems with the house.
Moody contends that the fact that someone applied a sealant in an attempt to repair the basement proves that Blower knew the basement leaked. However, the evidence indicated that Blower's step-father probably made the repairs, and that Blower had no knowledge of them. Though the marks on the wall were open to observation and would have alerted a reasonable person to water problem, the record contains no evidence that Blower ever had occasion or reason to inspect the basement in search of defects until Moody pointed out the marks to him. At that point, Moody had been alerted to the defect, and it was incumbent upon Moody, not Blower, to investigate the cause of the marks. Thus, even if Blower knew the basement flooded and stated that the basement never flooded, Moody's reliance on that statement despite her knowledge of the water marks was not justifiable.
We find competent, credible evidence in the record supporting the conclusion that Blower had no knowledge that the basement leaked. We further find that any misstatement or misrepresentation Blower may have made was not so reprehensible in nature as to constitute fraud. Finally, we find that Moody's reliance on Blower's statements regarding the basement was not justifiable.
 V.
In conclusion, we find competent, credible evidence in the record to support the trial court's conclusion that the defect was open to observation by a reasonable person, that Moody had the opportunity to discover the defect, and that Blower did not fraudulently conceal or misrepresent the condition of the basement. Therefore, the trial court properly ruled that the doctrine of caveat emptor bars Moody's claim to recover the cost of repairing the structural defect in the house.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.