DECISION AND JOURNAL ENTRY
Plaintiffs-appellants, Paul and Rosemary Neitz, appeal from the decision of the Summit County Common Pleas Court granting summary judgment in favor of defendants-appellees, the Village of Lakemore ("Lakemore") and various Lakemore officials. This Court affirms.
 I.
Appellants own and operate Springfield Lake Roller Rink located in Lakemore. Approximately three-tenths of a mile from the rink, at the intersection of Springfield Lake Drive and Canton Road, is an arch supported by two brick columns with the words "Springfield Lake Rink" written on it. The arch rests upon property owned by Lakemore. Lakemore owns a road right-of-way which includes Springfield Lake Drive.
The arch was purportedly erected in the 1920's, and originally bore the words "Springfield Lake Park." Appellants purchased the roller rink in 1975, and have maintained the arch since then, but have acknowledged that there is no contract, no purchase agreement, deed, or other document evidencing their ownership rights in the arch.
When a controversy arose as to the rightful owners of the arch, appellants filed a declaratory judgment action and named Lakemore and various Lakemore officials as defendants. Appellants sought to use and maintain the arch as an advertisement for their business, asserting that they are the owners by virtue of an easement by prescription and an easement implied by existing use. The complaint also alleged violations of the Public Records Act. Lakemore counterclaimed seeking a declaratory judgment establishing exclusive ownership rights of the arch, and requested the court to quiet title in the roadway and its right-of-way upon which the arch rests.
Subsequently, Lakemore filed a motion for summary judgment asserting that appellants' claim of an easement by prescription must fail because claims of adverse possession cannot be asserted against a municipality, and that appellants were unable to meet all of the elements of an implied easement by existing use.
Appellants responded to the motion claiming that the prohibition against adverse possession claims against a municipality is not absolute, and that their claim of an easement by a prescription should stand. Appellants conceded that they were unable to meet the requisite elements for an implied easement by use, but alleged that the deficit was the result of Lakemore's failure to provide them with requested copies of all previous council minutes. Furthermore, appellants claimed that Lakemore's quite title action was barred by estoppel.
The trial court granted summary judgment in Lakemore. Appellants timely appeal, asserting three assignments of error.
 II.
An appellate court's standard of review of summary judgment matters is the same standard used by the trial court. Perkins v. Lavin (1994),98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
 III.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE PRESCRIPTIVE EASEMENT CLAIM MUST FAIL AS A MATTER OF LAW SIMPLY BECAUSE THE DEFENDANT IS A POLITICAL SUBDIVISION
In their first assignment of error, appellants contend that a prescriptive easement may lie against a municipality, and therefore, the trial court erred in finding that their prescriptive easement claim must fail as a matter of law.
This Court has previously held that adverse possession cannot be applied against the state or its political subdivisions except as set forth by R.C. 2305.05. Village of Spencer v. Myers (July 8, 1998), Medina App. No. 2710-M, unreported, citing Wyatt v. Ohio Dept. ofTransp. (1993), 87 Ohio App.3d 1, 4. Appellants concede that the R.C.2305.05 exception does not apply. This Court is persuaded by the Fifth District's finding that "property of a municipality is not subject to prescription or adverse possession, except as specifically provided by R.C. 2305.05[,]" based on the rationale that adverse possession and prescription are analogous doctrines. Nusekabel v. Cincinnati PublicSchool Employees Credit Union (1997), Hamilton App. No. C-970069, unreported.Accordingly, the trial court did not err in finding that summary judgment was appropriate on appellants' prescriptive easement claim. The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE VILLAGE WAS NOT ESTOPPED FROM ASSERTING A CLAIM TO QUIET TITLE.
Appellants contend that the trial court erred in finding that Lakemore was not estopped from asserting its claim for quiet title. However, because appellants have waived their right to assert estoppel, we overrule their second assignment of error.
Appellants first asserted their claim that Lakemore was estopped from asserting a quiet title claim in their motion in opposition to summary judgment. The Ohio Supreme Court has held that a party must assert a claim for estoppel in his pleadings. Globe Indemnity Co. v. Wassman
(1929), 120 Ohio St. 72, paragraph one of the syllabus. See, also, Civ.R. 8(c) and Civ.R. 12(H); Pocius v. Stankus (Oct. 26, 1994), Summit App. Nos. 16759 and 16812, unreported, citing Mossa v. W. Credit Union,Inc. (1922), 84 Ohio App.3d 177, 181 (holding that failure to set forth an affirmative defense in a responsive pleading constitutes waiver of that defense). A summary judgment motion is not the proper format in which to raise an affirmative defense. Mossa, supra.
Accordingly, the second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE ARCH STRUCTURE WAS THE PROPERTY OF THE VILLAGE WHEN ALL THE EVIDENCE PRODUCED ESTABLISHED THAT THE ARCH WAS OWNED BY THE PLAINTIFFS.
Appellants insist that, because the evidence proved that they are the rightful owners of the arch, the trial court erred in granting summary judgment in favor of Lakemore on Lakemore's quiet title claim. This Court disagrees.
Appellants claimed an interest in Lakemore's property in arguing that they had acquired an easement by existing use and an easement by prescription to use and maintain the arch within Lakemore's right-of-way. As previously addressed, the trial court properly found that, as a matter of law, appellants cannot establish an interest in Lakemore's property through an easement by prescription. In their response to Lakemore's summary judgment motion, appellants conceded that they could not prove their claim of interest by an implied easement.
The evidence set forth by appellants established that they acted in a manner consistent with ownership of the property, and that some Lakemore officials believed that appellants owned the arch. Again, adverse possession cannot be applied against Lakemore. Myers, supra. The fact that some people believed that appellants were the rightful owners is irrelevant. It is undisputed that the arch is a fixture which is permanently attached to real property owned by Lakemore. Because appellants have not shown some alternative ownership right, Lakemore is the exclusive owner of the arch. See Masheter v. Boehm (1974),37 Ohio St.2d 68, 72.
For the foregoing reasons, this Court finds that the trial court did not err in finding that there are no genuine issues of material fact, and that Lakemore is entitled to judgment as a matter of law on its action to quiet title in its favor.
 IV.
The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BATCHELDER, P. J., BAIRD, J., CONCUR.