SPENCE et al., Appellants,

v.

LIBERTY TOWNSHIP TRUSTEES, Appellees.

[Cite as *Spence v. Liberty Twp. Trustees* (1996), 109 Ohio App.3d 357.]

Court of Appeals of Ohio,
Fourth District, Adams County.

No. 94CA581.

Decided Feb. 13, 1996.

**358**

*Thomas J. Ruwe,* for appellants.

*Daniel P. Ruggiero,* and *Greg Carroll,* Adams County Prosecuting Attorney, for appellees.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Adams County Court of Common Pleas, upon a Civ.R. 50 motion for directed verdict, in favor of the Liberty Township Trustees ("the trustees"), defendants below and appellees herein, on the claims brought against them by Artie and Judith Spence, plaintiffs below and appellants herein. The following error is assigned for our review:

"The trial court erred to the prejudice of plaintiffs-appellants Artie L. Spence and Judith Spence by granting a directed verdict in favor of defendant Liberty Township Trustees on the basis of the affirmative defense of sovereign immunity, when that defense was not affirmatively pled at any time."

The record reveals the following facts pertinent to this appeal. Appellants own approximately 1.6 acres of land along Bloom Drive in Liberty Township, Adams County, Ohio. They moved into a mobile home on the property in 1970 and later, in 1978, acquired a house which they had moved onto the premises. Appellants experienced no initial problems with flooding or drainage on the premises. In 1989, however, appellants were having insulation installed when they discovered that there was sewage and standing water a foot deep underneath their home. The source of the problem was ultimately discovered to be a drainage culvert underneath Bloom Drive that was backing up. Appellants contacted the township trustees and alerted them to this problem, but nothing was ever done to correct it and the flooding persisted. Appellants contend that water damage over

the years has caused the floor and chimney of their home to sink and has resulted in the walls pulling away from the top ceiling.

Appellants commenced the action below on January 28, 1993, alleging that the trustees had failed to properly maintain, or replace, the culvert underneath Bloom Drive and that they had, wrongfully and maliciously, failed to take any action on the problem despite having been notified on several occasions of the water and sewage backing up and damaging appellants' home. Appellants sought relief in the amount of $10,000 in compensatory damages and $10,000 in punitive damages. An amended complaint later raised both of these amounts to $100,000. The trustees filed their answer denying all liability on appellants' claims.

The matter proceeded to a jury trial on July 21, 1994. At the conclusion of appellants' case in chief, the trustees moved for a directed verdict under Civ.R. 50(A), arguing that they were shielded from liability by R.C. 2744.03(A). Appellants objected, however, arguing that immunity is an affirmative defense that was never pled in the trustees' answer and, therefore, its use had been waived. The trustees responded by pointing out that both their answer to the original complaint, as well as their answer to the amended complaint, set forth the defense that appellants had failed "to state a claim upon which relief could be granted." This was sufficient, the trustees argued, to encompass the defense of immunity. The lower court recessed to consider the matter and, when it returned, the trustees's motion was granted and a directed verdict was entered in their favor. A judgment entry to that effect was filed on August 2, 1994, and this appeal followed.

We begin our analysis in this case by narrowing down the precise issues posited for review herein. The provisions of R.C. 2744.03(A) state, in pertinent part, as follows:

"In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for * * * loss to * * * property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

" * * *

"(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

" * * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion

in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

There is no dispute among the parties that the provisions of this statute would, ordinarily, render the trustees immune from liability with respect to their actions, or inactions, regarding the backed-up culvert under Bloom Drive.[1] There is also no dispute that the trustees never expressly asserted this statutory defense in either of their two answers filed below. Immunity is generally regarded as an "affirmative defense," which must be expressly pled pursuant to Civ.R. 8(C) or it is waived.[2] The precise issue posited for our review, therefore, is whether the trustees waived an "immunity" defense by failing to plead it in their answer(s). A resolution of this issue requires us to determine the underlying question of whether the affirmative pleading of a Civ.R. 12(B)(6) defense (of "failure to state a claim upon which relief can be granted") is sufficient to encompass an immunity defense so as to prevent its waiver.

We note at the outset that this is not a particularly novel issue. There are several reported and unreported cases where a governmental entity has neglect-

---

[1] An "employee" for purposes of R.C. Chapter 2744 includes an elected official of a political subdivision. R.C. 2744.01(B). A political subdivision, in turn, is defined to include, *inter alia*, a township and the body politic responsible for government activities therein. *Id.* at (F). Thus, the Liberty Township Trustees (appellees herein) clearly fall under the definition of an "employee" with respect to R.C. 2744.03. A "government function" under the statute would include such activities as the maintenance and repair of aqueducts and viaducts as well as flood control measures. R.C. 2744.01(C)(2)(e) and (r). The trustees argued below, and proceed on the assumption here, that the maintenance of the culvert under Bloom Drive is a "governmental function" for which R.C. 2744.03 grants immunity. This issue was not contested below and has not been contested herein. We therefore continue our review of the cause *sub judice* assuming that to be the case.

[2] The provisions of Civ.R. 8(C) require, in pertinent part, that "[i]n pleading * * * *a party shall set forth affirmatively* * * * any other matter constituting an avoidance or affirmative defense." (Emphasis added.) It was generally held that sovereign immunity was an affirmative defense which Civ.R. 8(C) required to be expressly pled in a responsive pleading. See 1 Baldwin's, Ohio Civil Practice (1988) 35, Section T 13.03(B)(3). Sovereign immunity, however, is a common-law (judicially created) concept. See 52 Ohio Jurisprudence 3d (1984) 95–96, Government Tort Liability, Section 1. It is not entirely clear that the statutory immunity created by R.C. 2744.03(A) is properly labeled "sovereign immunity" so that it would be an affirmative defense under Civ.R. 8(C). Nevertheless, neither party has raised this issue and we note that other courts have used the term "sovereign immunity" interchangeably in referring to the statutory immunity available under R.C. Chapter 2744. See, *e.g., Goad v. Cuyahoga Cty. Bd. of Commrs.* (1992), 79 Ohio App.3d 521, 607 N.E.2d 878. We therefore do not address the issue and proceed under the assumption that the R.C. 2744.03(A) immunity is akin to "sovereign immunity," which is an affirmative defense and must be expressly pled pursuant to Civ.R. 8(C).

ed to plead "immunity" in an action against it despite the fairly obvious availability of that defense. Indeed, this issue has even come up in the context of other affirmative defenses which a party fails to expressly plead but then argues is encompassed within the defense of "failure to state a claim." The courts which have addressed this issue appear to be divided in their treatment of this problem. Some courts have held that a Civ.R. 12(B)(6) defense in a party's answer is insufficient to raise another, separate, affirmative defense and, thus, the failure to expressly plead the other affirmative defense will amount to a waiver thereof. See, *e.g., Cooper v. Grace Baptist Church* (1992), 81 Ohio App.3d 728, 734, 612 N.E.2d 357, 360–61 (failure to affirmatively plead privilege as a defense in a defamation action); *Mitchel v. Borton* (1990), 70 Ohio App.3d 141, 145, 590 N.E.2d 832, 835 (failure to affirmatively plead immunity as a defense in a negligence action). Conversely, other courts have reached the opposite conclusion and held that the unpled affirmative defense is not waived so long as (1) the Civ.R. 12(B)(6) affirmative defense of failure to state a claim is expressly pled in the answer, and (2) the complaint shows conclusively on its face that the action is barred by the unpled affirmative defense. See, *e.g., Goad v. Cuyahoga Cty. Bd. of Commrs.* (1992), 79 Ohio App.3d 521, 524, 607 N.E.2d 878, 880 (failure to affirmatively plead immunity as a defense to a negligence action); see, also, *Enghauser Mfg. Co. v. Lebanon* (Mar. 31, 1982), Warren App. No. 474, unreported, 1982 WL 6081 (failure to affirmatively plead immunity as a defense to negligence, nuisance and trespass actions).

We decline to follow the *Goad* and *Enghauser Mfg. Co.* cases because, in our estimation, they are based on an erroneous reading of an Ohio Supreme Court decision which dealt with an analogous problem. The plaintiffs in *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668, brought a negligence action against the defendant for injuries received in an accident with one of that company's trucks. Plaintiffs later joined the city of Hillsboro, Ohio, as a party defendant. The city filed an answer, but failed to affirmatively plead therein that the action was barred by the applicable statute of limitations as required by Civ.R. 8(C). That answer did, however, set forth the defense that plaintiff's complaint failed to state a claim upon which relief could be granted. At trial, before examination of the first witness, defense counsel moved to dismiss the action pursuant to Civ.R. 12(B)(6) due to expiration of the statute of limitations. The court of appeals ruled later that the motion to dismiss should have been granted and, thus, reversed the judgment of the trial court. The appellate court (this court, in fact) reasoned that "a statute of limitations defense is not waived, if made pursuant to a Civ.R. 12(B)(6) motion before trial, where the bar of the statute [of limitations] is clear on the face of the complaint." *Id.* at 57,

69 O.O.2d at 351, 320 N.E.2d at 670.[3] The Ohio Supreme Court reversed that decision and held as follows in its syllabus:

"Where the bar of the statute of limitations is not presented as a defense either by motion before pleading pursuant to Civ.R. 12(B), or affirmatively in a responsive pleading pursuant to Civ.R. 8(C), or by amendment made under Civ.R. 15, then the defense is waived * * *."

■ The holding in *Mills* makes clear that there are only three ways by which to properly raise an affirmative defense. These include (1) setting forth the defense in a prepleading motion pursuant to Civ.R. 12(B), or (2) affirmatively setting forth the defense in a responsive pleading pursuant to Civ.R. 8(C), or (3) amending one's responsive pleading pursuant to Civ.R. 15 so as to include such defense. A failure to raise an affirmative defense by any of these three methods will result in a waiver of that defense.

The Supreme Court was also unpersuaded that an affirmative defense that was not raised by any of these three methods could be read into a Civ.R. 12(B)(6) defense of failure to state a claim upon which relief could be granted. The court reasoned as follows:

"A clear distinction exists in the Civil Rules between the affirmative defense of the bar of the statute of limitations pursuant to Civ.R. 8(C) and a Civ.R. 12(B)(6) defense. The purpose behind the allowance of a Civ.R. 12(B) motion to dismiss based upon the statute of limitations is to avoid the unnecessary delay involved in raising the bar of the statute in a responsive pleading when it is clear on the face of the complaint that the cause of action is barred. The allowance of a Civ.R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense." 40 Ohio St.2d at 59–60, 69 O.O.2d at 352, 320 N.E.2d at 671.

■ An affirmative defense may thus be raised in a Civ.R. 12(B) motion, but only if (1) that motion is filed before a responsive pleading, and (2) it is clear on the face of the complaint that the affirmative defense is available. Otherwise, the defense must be set forth in a responsive pleading pursuant to Civ.R. 8(C) or in an amended responsive pleading pursuant to Civ.R. 15. The Supreme Court noted that the oral Civ.R. 12(B) motion to dismiss made at the time of trial in *Mills* was not timely (*i.e.,* made before the filing of a responsive pleading) and thus deemed that the defense had been waived.[4]

---

**3.** This writer filed a dissenting opinion to the court's erroneous disposition of that case while it was before us on appeal.

**4.** The waiver provisions of Civ.R. 12(H) have, of course, been amended since the Supreme Court's decision in *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668. Nevertheless, it has still been held that the failure to raise an affirmative

The Warren County Court of Appeals relied on *Mills* as the guiding precedent for its decision in *Enghauser Mfg. Co., supra.* That case involved negligence, nuisance and trespass claims brought against the city of Lebanon, Ohio. The city filed several Civ.R. 12(B)(6) motions to dismiss the action asserting that the complaint failed to state a claim upon which relief could be granted. However, the city never affirmatively raised the issue of sovereign immunity in either of the two motions to dismiss or in a responsive pleading. A jury verdict was returned in favor of the plaintiff awarding $91,000 in damages against the city. Only then, in a motion for judgment notwithstanding the verdict, did the city of Lebanon raise the defense of sovereign immunity. The trial court ruled that the doctrine of sovereign immunity insulated the city from any liability for damages (although the city was ordered to abate the nuisance).

The court of appeals affirmed that decision, holding that the city was immune from liability. In so doing, the court cited the syllabus in *Mills* and noted that an affirmative defense can be raised in a Civ.R. 12(B)(6) motion and preserved from waiver so long as the complaint shows the availability of that defense on its face. The court then turned to the question of whether "the defense of sovereign immunity was applicable on the face of the complaint * * *." That question was resolved in the affirmative and, therefore, the lower court's entry of judgment notwithstanding the verdict was affirmed.

The problem with the decision in *Enghauser Mfg. Co.* is that neither of the two Civ.R. 12(B)(6) motions ever specifically raised the defense of sovereign immunity. Indeed, the court of appeals noted that "the words 'sovereign immunity' were not interjected into this cause sub judice by the City of Lebanon until after the jury returned a verdict * * *." The court nevertheless held that the filing of the two Civ.R. 12(B)(6) motions was sufficient to invoke the defense, provided that its applicability was shown on the face of the complaint. With all due respect to our colleagues on that court, we disagree with its interpretation of the *Mills* case. The Supreme Court, as noted previously, expressly ruled that "[t]he allowance of a Civ.R. 12(B) motion serves merely as a method for expeditiously *raising* the * * * defense." (Emphasis added.) *Mills, supra,* 40 Ohio St.2d at 60, 69 O.O.2d at 352, 320 N.E.2d at 671. An affirmative defense may be "presented as a defense * * * by motion before pleading pursuant to Civ.R. 12(B) * * *." *Id.* at syllabus. The Supreme Court, clearly, envisions that whatever affirmative defense is being raised by the Civ.R. 12(B) motion, that defense must still be expressly set forth in that motion. The defense of "sovereign immunity" was never raised in either of the two Civ.R. 12(B) motions

defense pursuant to Civ.R. 8(C) will result in the waiver of that defense. See *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 4, 12 OBR 1, 3–4, 465 N.E.2d 377, 379–380; see, also, *Mossa v. W. Credit Union, Inc.* (1992), 84 Ohio App.3d 177, 180–181, 616 N.E.2d 571, 573–575.

filed in *Enghauser Mfg. Co.* The appellate court nonetheless held that the defense was preserved just by virtue of filing the motions. We respectfully disagree. Carried to its logical conclusion, the holding in *Enghauser Mfg. Co.* would turn the whole concept of waiver (for failure to raise a defense) on its ear. All a party would have to do to preserve *any* affirmative defense is file a generic Civ.R. 12(B)(6) motion to dismiss. That party need not worry about raising, and preserving, any one particular defense therein because the courts would merely look to see which defenses were applicable on the face of the complaint. This is not practical and is clearly not what the Supreme Court envisioned in *Mills.* A party may certainly raise an affirmative defense in a Civ.R. 12(B)(6) motion to dismiss where the defense is clearly shown on the face of the complaint. However, that party must at least make an actual reference to the affirmative defense being raised and relied upon so as to alert the trial court and other parties to that fact as well as to preserve the availability of the defense itself.

The *Enghauser Mfg. Co.* case was cited by the Cuyahoga County Court of Appeals as the impetus for its decision in *Goad, supra.* This was a negligence action brought against a county board of commissioners and a county sheriff by an individual who alleged he had incurred injury while dining in the county jail cafeteria. The defendants answered and denied liability as well as asserting the affirmative defense of failure to state a claim upon which relief could be granted. A motion for summary judgment was subsequently filed by defendants and raised, for the first time, the issue of sovereign immunity as set forth in R.C. Chapter 2744. The trial court sustained defendants' motion on the basis of that belated immunity defense and that judgment was later affirmed by the court of appeals.

Our colleagues on that court cited both *Mills* and *Enghauser Mfg. Co.* in rendering their decision. The court correctly noted that, under *Mills,* a party could raise an affirmative defense by means of a Civ.R. 12(B)(6) motion, provided that the applicability of that defense was clearly shown on the face of the complaint. A motion to dismiss had never been filed by the defendants in *Goad,* however and, thus, the *Mills* case provided little in the way of authoritative support for affirming summary judgment. In order to make up for this procedural discrepancy, the Cuyahoga County Court of Appeals turned to the *Enghauser Mfg. Co.* case, which they analyzed as follows:

"In *Enghauser Mfg. Co. v. Lebanon* * * * the defendant failed to raise sovereign immunity in its answer, but did assert the affirmative defense of failure to state a claim upon which relief can be granted. The Twelfth District Court of Appeals found that the defendant's affirmative defense was sufficient to properly raise the defense of sovereign immunity because the complaint itself bore

conclusive evidence that the action was barred by sovereign immunity." *Goad,* 79 Ohio App.3d at 523, 607 N.E.2d at 879.

With all due respect to our colleagues on the Cuyahoga County Court of Appeals, this analysis of *Enghauser Mfg. Co.* is obviously incorrect. The court in *Enghauser Mfg. Co.* makes no mention whatsoever of an answer being filed by defendants therein, and it certainly makes no mention of a Civ.R. 12(B)(6) affirmative defense being set forth in such an answer. Rather, the defendants therein filed a motion to dismiss under Civ.R. 12(B) which raised the defense of failure to state a claim. It was, in fact, made quite clear by the court in *Enghauser Mfg. Co.* that the case turned on the point that such a motion had previously been filed. *Enghauser Mfg. Co.* simply does not stand for the proposition that the defense of "failure to state a claim upon which relief can be granted" inserted into an answer is sufficient to raise any other affirmative defense the applicability of which is clearly shown on the face of the complaint. As discussed previously, the Ohio Supreme Court has ruled that the *only* methods by which an affirmative defense can be raised is (1) through a prepleading Civ.R. 12(B) motion to dismiss, (2) by expressly setting forth that defense in a responsive pleading pursuant to Civ.R. 8(C), or (3) by amending the responsive pleading pursuant to Civ.R. 15 so as to expressly include that affirmative defense. See *Mills, supra,* at syllabus.

The Cuyahoga County Court of Appeals in *Goad,* nevertheless, came to the conclusion that the affirmative defense of failure to state a claim, as set forth in the defendants' answer therein, was sufficient to properly raise the affirmative defense of immunity. We disagree. That court, in effect, has reached the very same erroneous conclusion as this court did some two decades ago when the *Mills* case was before us for appellate review. The Supreme Court later rejected that conclusion when it reviewed the *Mills* case and, likewise, we reject it now.

In the cause *sub judice,* the judgment entered below does not indicate the reasoning of the trial court in directing a verdict in favor of appellees. However, the trial transcript clearly reveals that the Civ.R. 50(A) motion was based on the defense of statutory immunity provided under R.C. 2744.03(A). Appellants properly objected to the motion and argued that the trustees had waived that defense. Appellees responded by citing the *Goad* decision and asserting that they had properly preserved the immunity defense by inserting a Civ.R. 12(B)(6) defense (failure to state a claim upon which relief can be granted) into their answer. The transcript clearly indicates that the court below relied on the *Goad* decision to find that the trustees had not waived the defense of immunity. Having so found, the court granted their motion for directed verdict. Appellants contend that this was error and we agree.

The decision in *Goad*, as discussed previously, is incorrect. An affirmative defense may be raised only by (1) expressly using that defense as part of a prepleading Civ.R. 12(B) motion to dismiss, (2) expressly setting forth that defense in a responsive pleading pursuant to Civ.R. 8(C), or (3) by amending one's responsive pleading pursuant to Civ.R. 15 so as to include that defense. *Mills, supra*, at syllabus. A failure to utilize any of these three methods for raising an affirmative defense will result in a waiver thereof. *Id.* As correctly noted by the Lucas County Court of Appeals in *Mitchel*, 70 Ohio App.3d at 145, 590 N.E.2d at 835, the use of a generic Civ.R. 12(B)(6) defense in a party's answer is simply insufficient to raise and preserve the affirmative defense of immunity. The trustees in the cause *sub judice* never expressly raised the defense of immunity in a prepleading Civ.R. 12(B) motion to dismiss, nor did they ever attempt to amend their answer pursuant to Civ.R. 15 so as to expressly include that defense.[5] More important, however, they never expressly pled immunity as a defense in their responsive pleading as required by Civ.R. 8(C). The failure to expressly plead that affirmative defense resulted in its waiver. See, generally, *In re Estate of Hicks* (1993), 90 Ohio App.3d 483, 487, 629 N.E.2d 1086, 1088–1089; *Mossa v. W. Credit Union, Inc.* (1992), 84 Ohio App.3d 177, 180–181, 616 N.E.2d 571, 573–575; *Garlock v. Travis* (Oct. 28, 1994), Clark App. No. 3113, unreported, 1994 WL 592701; *F.A. Kohler Co. v. Bilt–Rite Builders, Inc.* (Dec. 20, 1990), Franklin App. No. 90AP–1119, unreported, 1990 WL 212595.

Appellants' assignment of error is, for these reasons, sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

HARSHA, J., concurs.

KLINE, J., dissents.

---

5. We acknowledge that Civ.R. 15(B) provides that issues not raised in the pleadings (*e.g.*, an affirmative defense) will be treated as if they have been raised when those issues are tried by the express or implied consent of the parties. However, we are unable to determine from the record before us that this was the case herein. Moreover, the applicability of Civ.R. 15(B) was never raised as an issue during the proceedings below and has not been argued on appeal. That issue is therefore not properly before the court.