OPINION
William C. Runyan and Mary L. Runyan appeal from a judgment in favor of Farm Credit Services of Mid-America, ACA ("FCS") on its complaint in foreclosure.
The Runyans borrowed $415,000 from the Federal Land Bank of Louisville on November 8, 1976. Their promissory note in that amount was secured by a mortgage on real property on which the Runyans operate a dairy farm. Both William and Mary Runyan signed the note and the mortgage, and the Bank duly recorded the mortgage in both counties where the real property was located. The Bank assigned the mortgage and note to FCS in 1989.
The Runyans filed for bankruptcy under Chapter 11 of the Bankruptcy Code in 1984. In 1991, they dismissed their petition to take advantage of the restructuring provisions of the Agricultural Credit Act of 1987. However, FCS denied the Runyans' restructuring application and because of delinquent payments on the mortgage, commenced an action in foreclosure against the Runyans in the court of common pleas. The court placed the action on its inactive docket in 1993 when the Runyans again filed a petition in bankruptcy under Chapter 12. That chapter requires a debt repayment plan.
The bankruptcy court entered an order confirming the Runyans' plan on August 16, 1993. The order stated that the Runyans and FCS agreed that FCS's claim would bear interest at the rate of 7% throughout the plan. The bankruptcy court closed the estate on October 10, 1996.
On October 21, 1996, FCS sent separate letters to William and Mary, notifying them that they were in default on the loan under the provisions of the plan, but that they could apply for loan restructuring by completing and returning an enclosed application for restructuring within 48 days. The Runyans did not return the application for restructuring, however.
The note accelerated on January 6, 1997. FCS filed a complaint in foreclosure on February 24, 1997. In their answer, the Runyans alleged that FCS had violated the Farm Credit Act of 1987 by failing to offer them an opportunity to restructure their loan, and that the note's interest rate was usurious. FCS filed a motion for summary judgment. It subsequently moved for consolidation of the case with the first action it had filed prior to the Runyans' petition for bankruptcy under Chapter 12 and the current action. The trial court consolidated and terminated the first action and granted FCS's motion for summary judgment.
The Runyans appeal, presenting three assignments of error.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT ON DEFENDANTS' EQUITABLE DEFENSE OF PLAINTIFF'S FAILURE TO COMPLY WITH THE AGRICULTURAL CREDIT ACT OF 1987
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF AND DISREGARDING DEFENDANTS' EQUITABLE DEFENSE THAT APPLICATION FOR RESTRUCTURING WOULD BE FRUITLESS.
 The Runyans argue that FCS's alleged violation of the Agricultural Credit Act (the "Act") is an equitable defense to the foreclosure action that FCS filed. Further, the Runyans argue that they were not required to follow the steps prescribed by the Act for borrowers because FCS's prior refusal to restructure in 1991 would have made those steps futile.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
The Act states what actions a lender must take when a borrower is delinquent in payments. Section 2202a(b)(2), Title 12, of the U.S. Code requires that:
 [n]ot later than 45 days before any qualified lender begins foreclosure proceedings with respect to a loan outstanding to any borrower, the lender shall notify the borrower that the loan may be suitable for restructuring and that the lender will review any such suitable loan for restructuring, and shall include with such notice a copy of the policy and the materials described in paragraph (1).
 In the notice of default that FCS sent the Runyans on October 21, 1996, FCS included the materials required by the Act, and stated that the Runyans should return the completed materials within 48 days of the letter's postmark date. The Runyans, however, never returned the completed materials. They merely indicated an intent to do so in their later memorandum in opposition to FCS's motion for summary judgment, which was filed on January 9, 1998, outside of the 45 day response period required by the Act.
An equitable defense contemplates some wrongful conduct on the part of an adverse party. The Runyans alleged that FCS acted wrongfully when it failed to afford them a meaningful opportunity to restructure their loan, an opportunity to which they are entitled by law. However, they are entitled to such consideration only if they timely file a request for restructuring. See Walkerv. Federal Land Bank of St. Louis (C.D. Ill. 1989),726 F. Supp. 211, 218. The Runyans failed to do so.
A foreclosure action is the appropriate forum in which to assert a violation of the Act by FCS, see Lillard v. Farm CreditServices of Mid-America, ACA (Ky.App. 1992), 831 S.W.2d 626. However, filing the application for restructuring of the loan is a necessary predicate to creation of any duty in FCS to restructure the loan. Absent that duty, the Runyans cannot prove that FCS wrongfully denied them an opportunity to restructure. Therefore, the equitable defense on which the Runyans rely is unavailable to bar FCS's claim for relief, and the trial court was correct in granting FCS's motion for summary judgment.
The Runyans' first and third assignments of error are overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF AND DISREGARDING DEFENDANTS' AFFIRMATIVE DEFENSE OF USURY AND/OR A CLAIM OF RECOUPMENT WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT.
The Runyans argue that FCS charged them an usurious rate of interest on the note, which provided them with an affirmative defense to the foreclosure action. In addition, they argue that they have a claim of recoupment against FCS.
Usury is "an unconscionable and exorbitant rate or amount of interest." Black's Law Dictionary (4 Ed. 1968) 1714. While an usurious rate of interest is an affirmative defense, Congress has expressly preempted state usury laws on loans from institutions belonging to the Farm Credit System. See Section 2205, Title 12, U.S. Code. Because FCS is a part of the Farm Credit System, Ohio usury laws are not applicable to its loan to the Runyans. Thus, the Runyans cannot assert usury as an affirmative defense to the foreclosure action. The trial court was correct in finding that FCS's motion for summary judgment was proper.
The Runyans also argue that recoupment provides them an affirmative defense in the foreclosure action. There are three ways to properly raise an affirmative defense: (1) by setting forth the defense in a motion filed pursuant to Civ.R. 12(B); (2) by affirmatively setting forth the defense in a responsive pleading pursuant to Civ.R. 8(C); or (3) by amending one's responsive pleading pursuant to Civ.R. 15, so as to include such defense. See Spence v. Liberty Township Trustees (1996),109 Ohio App.3d 357, 361. "A failure to raise an affirmative defense by any of these three methods will result in a waiver of that defense." Id.
The Runyans neither asserted recoupment in their answer nor sought to amend their answer at a later time. Thus, they have waived any claim of error concerning that defense on appeal. The Runyans argue, nevertheless, that because they had not yet completed discovery when the trial court granted FCS's motion for summary judgment, they did not waive the defense of recoupment.
The Runyans filed their answer to FCS's complaint on April 29, 1997. FCS did not file its motion for summary judgment until August 13, 1997, almost four months after the Runyans' answer. The Runyans did not respond to the motion until January 13, 1998, five months later. Further, the trial court did not rule on the motion until October 7, 1998, fourteen months after FCS filed its motion. The Runyans had adequate time to conduct discovery and file an amended answer to set forth a defense of recoupment.
The Runyans' second assignment of error is overruled.
Having overruled all of the Runyans' assignments of error, the judgment of the trial court is affirmed.
WOLFF, J. and YOUNG J., concur.
Copies mailed to: William B. Logan, Jr., Esq., Linda J. Lawrence, Esq., Hon. Roger B. Wilson