This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, William L. Kalbaugh and William H. Kalbaugh, appeal from a judgment in the Summit County Court of Common Pleas. Cross-appellants, Peggy and Richard Dobbins, appeal from an award of attorney's fees and the denial of prejudgment interest. We affirm in part and remand the cause for further proceedings.
 I. {¶ 2} On October 15, 1996, Peggy and Richard Dobbins entered into a contract with Kalbaugh Builders, Inc. for the construction of a home in Norton, Ohio. Mr. and Mrs. Dobbins were unhappy with various aspects of the construction, including the basement, windows, and siding. On October 4, 1999, they filed a complaint against Kalbaugh Builders and William H. Kalbaugh, the vice-president of Kalbaugh Builders. The complaint alleged breach of contract, breach of warranty, negligent construction, fraud, and violations of the Ohio Consumer Sales Practices Act ("CSPA").
 {¶ 3} Kalbaugh Builders filed a counterclaim alleging that Mr. and Mrs. Dobbins breached the contract by failing to pay the full contract price and that their complaint constituted frivolous conduct. In response, Mr. and Mrs. Dobbins filed a supplemental complaint, adding claims for abuse of process and frivolous conduct, in violation of R.C.2323.51. On January 2, 2001, Mr. and Mrs. Dobbins filed an amended supplemental complaint, adding William L. Kalbaugh as a defendant. William L. Kalbaugh is the sole shareholder and president of Kalbaugh Builders.
 {¶ 4} Four days before trial, on July 5, 2001, the Kalbaughs filed a motion for leave to file an amended answer instanter, for the purposes of asserting the affirmative defense that the CSPA claims were barred by the applicable statute of limitations. The trial court denied that motion, and the case proceeded to jury trial, commencing on July 9, 2001. The jury returned a verdict in favor of Mr. and Mrs. Dobbins on their CSPA claims. The jury also returned a verdict in favor of Kalbaugh Builders on its counterclaim. The trial court awarded treble damages to Mr. and Mrs. Dobbins, resulting in a judgment against William H. Kalbaugh in the amount of $131,160 and against William L. Kalbaugh in the amount of $131,160. The trial court held a hearing on Mr. and Mrs. Dobbins' motion for attorney's fees and prejudgment interest. The trial court awarded attorney's fees to Mr. and Mrs. Dobbins in the amount of $95,000 and denied their motion for prejudgment interest. This appeal followed.
 {¶ 5} William H. Kalbaugh and William L. Kalbaugh appeal from the judgments entered against them and the award of attorney's fees. Mr. and Mrs. Dobbins appeal from the award of attorney's fees and the denial of prejudgment interest.
 II. First Assignment of Error {¶ 6} "WHETHER THE TRIAL COURT ERRORED IN DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER." (SIC.)
 {¶ 7} In their first assignment of error, the Kalbaughs assert that the trial court erred when it denied their motion for leave to file an amended answer in order to assert the affirmative defense that the CSPA claims were barred by the statute of limitations. We disagree.
 {¶ 8} Affirmative defenses, including the defense that the statute of limitations bars a cause of action, are generally waived if not timely raised in an answer. See Civ.R. 8(c); Spence v. Liberty Twp. Trustees
(1996), 109 Ohio App.3d 357, 362. However, an affirmative defense not initially raised in an answer may be raised in an amended answer with leave of court. Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 5.
 {¶ 9} The denial of leave to file an amended pleading is within the discretion of the trial court. Id. Accordingly, an appellate court will not disturb the denial of leave absent an abuse of discretion. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Amendments to pleadings are governed by Civ.R. 15(A), which provides:
 {¶ 11} "A party may amend his pleading once as a matter of course any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
 {¶ 12} While the rule provides that leave should be given "when justice so requires," motions to amend pleadings should be denied if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. Hoover, 12 Ohio St.3d 1, paragraph two of the syllabus. See, also, Turner v. Central Local School District (1999),85 Ohio St.3d 95, 99. Prejudice to the opposing party is the most important factor to be considered. Frayer Seed, Inc. v. Century 21Fertilizer and Farm Chemicals, Inc. (1988), 51 Ohio App.3d 158, 165. Courts should also consider the timeliness of the motion, although delay, by itself, should not preclude leave to amend. Id.
 {¶ 13} In opposition to the Kalbaughs' motion for leave to amend, Mr. and Mrs. Dobbins asserted that the motion was untimely and that they would be prejudiced by the amendment. They argued that the Kalbaughs failed to assert the statute of limitations defense in the previous three answers filed in this matter, including the most recent answer filed five months prior to the motion for leave to amend. They further argued that they expended considerable litigation costs and fees, especially since the filing of the previous answer, based upon the presumption that their primary claims for violations of the CSPA could result in an award of attorney's fees and treble damages. They assert that they would not have incurred these fees and expenses because the determination as to the amount of resources to put into the case was based upon the understanding that the CSPA claims were timely asserted and that the Kalbaughs implicitly acknowledged that they were timely by not asserting the statute of limitations defense at an earlier time.
 {¶ 14} Mr. and Mrs. Dobbins also asserted that the motion for leave to amend was untimely, that the matter had been pending since October of 1999 and the motion was filed just four days prior to trial. The Kalbaughs argued that their counsel had entered an appearance only five months prior and that she had not filed any of the previous answers.
 {¶ 15} This matter had been pending for more than twenty-one months, during which time the Kalbaughs filed three answers, including one five months prior to trial and shortly after new counsel had filed a notice of appearance in the matter, and none of which asserted the statute of limitations defense. Furthermore, the amendment would have prejudiced Mr. and Mrs. Dobbins in regards to the amount of litigation costs and fees they expended, the determination of which was based upon the availability of attorney's fees and treble damages. We also note that the motion was filed just four days before trial, and the record reflects that the trial in this matter had been scheduled at a pretrial conference held more than four months prior to the trial date.
 {¶ 16} Accordingly, given the circumstances of this case, we cannot say that the trial court abused its discretion when it denied the Kalbaughs' motion for leave to amend their answer filed four days prior to trial. The Kalbaughs' first assignment of error is overruled.
 Second Assignment of Error {¶ 17} "WHETHER THE TRIAL COURT ERRORED BY ADMITTING THE EVIDENCE OF THE PRIOR BEGLEY LAWSUIT AND/OR THE BASIS OF THE BANKRUPTCY DISMISSAL." (SIC.)
 {¶ 18} In their second assignment of error, the Kalbaughs assert that the trial court erred in making certain evidentiary rulings. First, the Kalbaughs challenge the admission of facts surrounding a bankruptcy dismissal. Second, the Kalbaughs argue that it was error to admit evidence of a prior lawsuit.
 {¶ 19} The trial court has broad discretion in the admission and exclusion of evidence. See State v. Finnerty (1989), 45 Ohio St.3d 104,107. Thus, an appellate court will not disturb evidentiary rulings unless those rulings were unreasonable, arbitrary, or unconscionable. See id.
 {¶ 20} The Kalbaughs made an oral motion in limine prior to trial, seeking to exclude the evidence. The trial court denied the motion. We note that a ruling on a motion in limine is only a preliminary ruling. Any objection to the denial of a motion in limine must be renewed once the evidentiary issue is presented during trial in order to properly preserve the question for appeal. State v. Hill (1996), 75 Ohio St.3d 195,202-203, citing State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus.
 {¶ 21} The Kalbaughs first challenge the admissibility of evidence surrounding a bankruptcy dismissal. We find that the Kalbaughs failed to object to testimony concerning the dismissal of the bankruptcy at the time such evidence and testimony was elicited. Therefore, the Kalbaughs have waived review of this alleged error. See Hill,75 Ohio St.3d at 202-203.
 {¶ 22} The Kalbaughs next challenge the admission of evidence of a prior lawsuit. The Kalbaughs assert that the evidence of the prior suit was not relevant and that it was unduly prejudicial, in violation of Evid.R. 403(A). The Kalbaughs objected to this evidence as it was presented at trial. However, the Kalbaughs objected to the evidence on the grounds that the evidence was hearsay. The Kalbaughs now challenge the ruling which overruled their objection upon different grounds.
 {¶ 23} It is a fundamental principle of appellate review that a court will not consider an error that an appellant was aware of, yet failed to bring to the attention of the trial court. See State v. Awan
(1986), 22 Ohio St.3d 120, 122. See, also, State v. Williams (1977),51 Ohio St.2d 112, 117, vacated on other grounds (1978), 438 U.S. 911,57 L.Ed.2d 1156. Moreover, the general rule regarding specific objections is that a party who has made specific objections to the admission of evidence thereby waives all other objections and cannot assert such other grounds on appeal. State v. Clary (1991), 73 Ohio App.3d 42, 51; Johnsonv. English (1966), 5 Ohio App.2d 109, 113.
 {¶ 24} The Kalbaughs specifically challenged the admission of the evidence of the bankruptcy case on hearsay grounds; the Kalbaughs did not advance any argument concerning the relevance of the evidence or its prejudicial character. Accordingly, the Kalbaughs have waived their right to present these arguments on appeal. The Kalbaughs' second assignment of error is overruled.
 Cross-Appellants' Second Assignment of Error {¶ 25} "THE TRIAL COURT ERRED IN FAILING TO AWARD PLAINTIFF PREJUDGMENT INTEREST PURSUANT TO R.C. 1343.03(A) OR (C)."
 {¶ 26} In their second assignment of error, Mr. and Mrs. Dobbins assert that it was error for the trial court to deny their motion for prejudgment interest. We disagree.
 {¶ 27} Mr. and Mrs. Dobbins argue that they were entitled to prejudgment interest pursuant to R.C. 1343.03(A) or 1343.03(C). The trial court found that, under the circumstances of this case, R.C. 1343.03(A) and 1343.03(C) do not apply, and the court denied the motion. R.C. 1343.03
provides:
 {¶ 28} "(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten percent per annum[.]
 {¶ 29} "* * *
 {¶ 30} "(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
 {¶ 31} We begin with Mr. and Mrs. Dobbins' argument that they were entitled to prejudgment interest under R.C. 1343.03(A). R.C. 1343.03(A) provides for an award of prejudgment interest in contract actions. Mr. and Mrs. Dobbins brought claims sounding in both contract and tort. However, they were not awarded any damages on their claim for breach of contract. Instead, the damages award resulted from tortious conduct of the Kalbaughs. Although the action arose out of an underlying contract, the damages award was clearly due to tortious conduct. Consequently, R.C.1343.03(A) does not apply. See Klingle v. Graves Piano Organ, Inc. (Nov. 22, 1996), 11th Dist. No. 95-T-5372. Thus, the trial court did not err in finding that R.C. 1343.03(A) did not apply to this action and denying Mr. and Mrs. Dobbins' motion for prejudgment interest pursuant to that section.
 {¶ 32} Mr. and Mrs. Dobbins also assert that they were entitled to prejudgment interest pursuant to R.C. 1343.03(C). R.C. 1343.03(C) provides for an award of prejudgment interest in tort actions. Under this provision, a party is entitled to prejudgment interest when the court finds that the party required to pay the judgment failed to make a good faith effort to settle, provided that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case.Moskovitz v. Mt. Sinai Medical Ctr. (1994), 69 Ohio St.3d 638, 658. The determination of lack of good faith is within the trial court's discretion. Id. Thus, we will not disturb that determination unless it is unreasonable, arbitrary, or unconscionable.
 {¶ 33} The Supreme Court of Ohio has set forth factors to be considered in determining whether a party has made a good faith effort to settle. "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." Moskovitz, 69 Ohio St.3d at 658-659, quoting Kalainv. Smith (1986), 25 Ohio St.3d 157, syllabus.
 {¶ 34} In this case, the testimony regarding settlement negotiations revealed the following. In September, 2000, counsel for Mr. and Mrs. Dobbins provided a list of construction defects to defense counsel. After an inspection of the residence, the Kalbaughs believed that they had no liability and requested that the plaintiffs dismiss their action, and, in return, the Kalbaughs would dismiss their counterclaims. The Dobbinses declined this offer. Mr. Dobbins testified that he made no written demands from November until June in light of the letter requesting dismissal.
 {¶ 35} The trial court suggested mediation in February, 2001, which the Dobbinses declined. No further settlement negotiations took place until approximately one month before trial. After their experts were deposed, the Kalbaughs made an offer to settle for $20,000. During the week before trial, various demands and offers took place between the parties, with a final written demand by the Dobbinses of $83,500 and a final offer from the Kalbaughs of $30,000. Negotiations ceased at noon on July 6, 2001. Trial commenced on July 9, 2001.
 {¶ 36} Given the actions by both parties and their efforts at settlement, we cannot say that the trial court abused its discretion in denying the Dobbinses' motion for prejudgment interest under R.C.1343.03(C). The Dobbinses' second assignment of error is overruled.
 Cross-Appellants' First Assignment of Error {¶ 37} "HAVING DETERMINED THAT THE DEFENDANTS KNOWINGLY COMMITTED VIOLATION OF THE CSPA, THE TRIAL COURT ERRED IN FAILING TO AWARD PLAINTIFFS ALL OF THEIR `REASONABLE ATTORNEYS' FEES' PURSUANT TO R.C. 1345.09(F)(2)."
 {¶ 38} In their first assignment of error, Mr. and Mrs. Dobbins argue that the trial court erred when it awarded only a portion of their total attorney's fees.
 {¶ 39} R.C. 1345.09(F) provides that the court may award reasonable attorney's fees to the prevailing party in an action where a knowing violation of the CSPA occurs. R.C. 1345.09(F)(2). We will not disturb the trial court's determination regarding an award of fees absent an abuse of discretion. Bittner v. Tri-County Toyota (1991),58 Ohio St.3d 143, 146. As previously noted, an abuse of discretion is a decision that is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 40} The Ohio Supreme Court has described the proper procedure for the trial court in determining the amount of reasonable fees to be awarded. "[T]he trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B)."Bittner, 58 Ohio St.3d at 145. In order for an appellate court to conduct a meaningful review of the trial court's determination, the trial court must state the basis for its fee determination. Id. at 146.
 {¶ 41} The trial court awarded $95,000 in attorney's fees, less than the total amount requested. The trial court's entry awarding the fees does not set forth any basis for its decision to award less than the full amount of fees requested by the prevailing party. Accordingly, we cannot conduct a meaningful review of the trial court's award. Therefore, we reverse the judgment awarding attorney's fees and remand for further proceedings consistent with this opinion.
 III. {¶ 42} The Kalbaughs' assignments of error are overruled. Mr. and Mrs. Dobbins' second assignment of error is overruled, and their first assignment of error is sustained. Accordingly, we affirm the judgment in part, reverse in part, and remand for further proceedings consistent with this opinion.
WHITMORE, J., BATCHELDER, J. CONCUR.