OPINION
{¶ 1} In this breach of contract action, defendants-appellants, North American Rail Group, et al., appeal a decision of the Butler County Court of Common Pleas granting summary judgment to plaintiffs-appellees, Frederick L. Stout, et al. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On June 22, 2004, the parties entered into an agreement whereby appellants agreed to purchase all the issued and outstanding capital stock in three railway corporations *Page 2 
owned by appellees for $1,500,000 ("Purchase Agreement"). On July 16, 2004, the parties amended the Purchase Agreement to provide an extended closing date and a revised purchase price of $1,570,000 ("Amended Purchase Agreement"). Under the Amended Purchase Agreement, $750,000 of the purchase price was to be paid at closing and the remaining $820,000 would be the subject of a promissory note payable before July 24, 2004. Appellants executed the promissory note on the same day as the Amended Purchase Agreement. Pursuant to the Amended Purchase Agreement, appellant Gabriel Hall, president of North American Rail Group, personally guaranteed the promissory note in writing.
 {¶ 3} On September 3, 2004, the parties agreed to extend the due date on the promissory note. On October 13, 2004, the parties executed an agreement whereby appellants arranged to purchase two locomotives from appellees. There appears to be a dispute regarding whether appellants' deadline for payment on the promissory note was extended one more time following the September 3 extension, but the conflict is of no consequence in this appeal. Appellants do not deny that they eventually defaulted under the above agreements (collectively, "the contract") by failing to pay all monies due to appellees.
 {¶ 4} After failing to receive full payment under the contract, appellees filed suit in January 2005 for breach of contract and breach of promissory note. The complaint sought damages totaling $94,000 plus interest, as well as costs and attorney fees. Appellees filed a motion for summary judgment in November 2005, which the trial court granted upon appellants' failure to timely respond. Appellants then filed a motion for relief from judgment, which the trial court granted. Appellants thereafter filed a memorandum in opposition to appellees' motion for summary judgment. In September 2006, following a hearing, the trial court again granted summary judgment to appellees in the amount sought. Appellants timely appeal, raising one assignment of error. *Page 3 
 {¶ 5} We review a trial court's decision on summary judgment de novo.Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id. We are mindful of these burdens in reviewing appellants' single assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY GRANTING PLAINTIFFS-APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} Appellants argue that the trial court improperly awarded summary judgment to appellees because appellants were fraudulently induced into entering into the contract. Appellants claim that during the negotiation period, appellees stated that railway clients General Mills and Meridian would continue to ship their respective products by rail, when in fact appellees knew that both companies intended to discontinue rail service. Appellants also claim that appellees informed them that all old cross-ties and waste oil had been removed from the property, when this was not the case. As a result of their misled beliefs, appellants reason that there was no meeting of the minds and therefore the contract is void.
 {¶ 8} Initially, we note that appellants did not properly assert any fraud claims. Appellants' answer averred that "[p]laintiffs made misrepresentations that are material to the contract and as a result of misrepresentations of material facts, the contract is null and void." *Page 4 
Because allegations of fraud must be pled with particularity, this statement in appellants' answer was insufficient to establish a fraud defense. See Civ.R. 9(B).
 {¶ 9} The circumstances constituting fraud normally include the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud. F J Roofing Co. v. McGinley Sons, Inc. (1987),35 Ohio App.3d 16, 17. Generally, a pleading must be sufficiently particular to apprise the opposing party of the act which is the subject of the fraud claim, and to enable the opposing party to prepare an effective defense.Smith v. Littrell, Preble App. No. CA2001-02-004, at 10, 2001-Ohio-8642. Clearly, the above-quoted portion of appellants' answer falls far short of the particularity requirement imposed by Civ.R. 9(B). Neither does the remainder of the answer provide any specific information that would sustain a fraud claim.
 {¶ 10} Appellants could have set forth a fraud defense either by pre-pleading motion pursuant to Civ.R. 12(B), affirmative defense in a responsive pleading pursuant to Civ.R. 8(C), or amended answer pursuant to Civ.R. 15. See Spence v. Liberty Twp. Trustees (1996),109 Ohio App.3d 357, 362. Appellants also could have brought a counterclaim asserting fraud pursuant to Civ.R. 13. Appellants' failure to raise the issue by any of these accepted methods results in a waiver of the defense. Spence at 362.
 {¶ 11} Appellants' alternate argument on appeal is that appellees' alleged misrepresentations, if not severe enough to amount to fraud, amount to negligent misrepresentation. In support, appellants' brief cites the standard for the tort of negligent misrepresentation.[1]
Assuming, arguendo, that the above-quoted portion of appellants' *Page 5 
answer was sufficient to preserve a negligent misrepresentation claim, this argument fails because negligent misrepresentation cannot be used to disaffirm a contract in the manner attempted by appellants.
 {¶ 12} The tort of negligent misrepresentation provides a vehicle by which a party may recover economic damages that arise from the breach of a contractual duty. Westfield Ins. Co. v. HULS Am., Inc. (1998),128 Ohio App.3d 270, 296. Appellants do not seek to recover economic damages from appellees. Instead, appellants seek to avoid their obligations under the contract. Rather than petitioning for rescission or reformation of the contract, appellants attempt to use the tort of negligent misrepresentation as a "shield" to justify their failure to perform under the contract. Appellants' attempt to contort the doctrine of negligent misrepresentation to fit their aims must fail. Appellants cannot properly invoke this tort in such a manner to escape their duties under the contract.
 {¶ 13} This is a simple breach of contract case. The contractual terms, amendments, guarantees, purchase price, and amounts unpaid are not in dispute. The plain language of the contract did not address existing or future business arrangements with General Mills or Meridian. Nor did the contract impose a duty upon appellees to remove the old cross-ties and waste oil. Finally, appellants' obligations under the contract were not made contingent upon appellees retaining the business of General Mills or Meridian or cleaning up the cross-ties and waste oil.
 {¶ 14} This was a complex and sophisticated business deal. Far from being a hasty venture, the arrangements took place over a period of many months and both parties were represented by counsel during the drafting of the contract. The parties clearly set forth the warranties and representations memorialized in the contract, and omitted any warranties or representations that were not intended to be included. The contract itself provided that it was a fully integrated agreement and that there were no restrictions, promises, warranties, *Page 6 
covenants or undertakings other than those stated in the agreement. Even if appellants now view the contract as a bad bargain, they are bound by the unambiguous terms to which they agreed. Kostelnik v. Helper,96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 17.
 {¶ 15} We conclude that the trial court properly granted summary judgment to appellees because there are no genuine issues of fact regarding appellants' breach of the contract. Appellants' assignment of error is overruled.
 {¶ 16} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] The tort of negligent misrepresentation is defined by the following circumstances: "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Delman v. ClevelandHeights (1989), 41 Ohio St.3d 1, 4. *Page 1